OPINION OF THE COURT
Charles B. Swartwood, J.
The plaintiff finance company in each of the above actions moved for summary judgment and the defendants in each action made a cross motion for summary judgment. These motions came on to be heard at the Special Term in Tompkins County on September 8, 1977 and were argued together since the legal issues in both actions are identical and the same attorneys are involved in both actions. The attorneys were given additional time to submit briefs and have submitted excellent briefs.
In each action the plaintiff seeks to recover on a written combined promissory note and disclosure statement for money loaned against the defendants. In each action the defendant wife has answered denying some allegations but admitting default in payment of the note and has alleged as a defense and counterclaim that the note by its terms retained a security interest in after-acquired consumer goods but failed to disclose that under section 9-204 (subd [4], par [b]) of the New York Uniform Commercial Code a security interest in after-acquired property attaches only to consumer goods acquired within 10 days after the loan is made; that the note failed to disclose to the defendants the limited nature of the security interest; that this violated the Federal Truth in Lending Act (TIL Act) (US Code, tit 15, § 1639, subd [a], par [8]) and the regulations thereunder (12 CFR 226.8 [b] [5]) and thereby section 353 of the New York Banking Law which incorporates by reference the Federal TIL Act so that the defendants are entitled to twice the amount of the finance charges as an offset against the note held by the plaintiff.
*772 The defendants’ "second” defense and counterclaim in the Payne action and "third” in the Sanderson action is to void the note entirely pursuant to section 358 of the New York Banking Law by reason of the violation of section 353 of the Banking Law because of the aforesaid violation of the TIL Act.
Each answer of the defendant wives contains a cross claim against her defaulting husband for any amount which the plaintiff may recover against her on the ground that each wife was only an accommodation maker for her husband and received no value therefor. However, the defendant Jeannie Sanderson did not serve her cross claim on Lawrence Sander-son.
There is another issue which was not raised in the plaintiff’s reply or in its motion for summary judgment and that is the question of whether the defenses based on the violation of the Federal TIL Act are time-barred by the one-year period of limitation contained in title 15 (§ 1640, subd [e]) of the United States Code. The plaintiff does raise the issue in its brief, claiming that the one-year limitation is a condition precedent which cannot be waived. The defendants claim that whether or not it is considered a Statute of Limitations which was waived or a condition precedent, the limitation was not intended to bar the assertion of a defense in the nature of recoupment to the extent of the plaintiff’s claim although affirmative relief could no longer be obtained thereon.
There are no issues of fact. We should also note that the plaintiff has not attempted to foreclose on any after-acquired property of these defendants.
The first issue is whether the failure of the plaintiff to state in its combined note and disclosure statements that the security interest covering the defendants’ after-acquired household consumer goods was limited to those goods acquired by the defendants within 10 days after the loans were made under section 9-204 (subd [4], par [b]) of the Uniform Commercial Code violated the disclosure requirements of the TIL Act and thus section 353 of the Banking Law.
The disclosure in this case revealed that the security interest consisted of a note, wage assignment, insurance, a described motor vehicle and "All of the household consumer goods of every kind now owned or hereafter acquired by Debtors in replacement of said consumer goods (and proceeds) *773 now or hereafter located in or about Debtor’s residence above set forth, including items listed on Schedule attached.”
The Federal TIL Act (US Code, tit 15, § 1639, subd [a], par [8]) provides as follows: "A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates.”
The regulations thereunder (12 CFR 226.8 [b] [5]), state in part as follows: "If after-acquired property will be subject to the security interest * * * this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired.”
A failure to properly disclose under the Federal TIL Act calls for certain penalties against the lender including in some cases twice the finance charge with a minimum of $100 and a maximum of $1,000 plus reasonable attorney’s fees and costs. (US Code, tit 15, § 1640.) The New York law, however, provides under section 358 of the Banking Law that a violation of section 353 which incorporates the Federal TIL Act by reference shall be a misdemeanor and results in the total forfeiture of the principal and interest of the loan.
There is a division of authority as to whether the failure to explain the 10-day limitation imposed by State law under section 9-204 (subd [4], par [b]) of the Uniform Commercial Code as to after-acquired consumer goods is a violation of the Federal TIL Act. The Fifth Circuit decided in Pollock v General Fin. Corp. (535 F2d 295), that the failure to disclose was a violation of the Federal act. There are a goodly number of cases that are in accord with this point of view. (See, for instance, Tinsman v Moline Beneñcial Fin. Co., 531 F2d 815; Bartlett v Commercial Fed. Sav. & Loan Assn., 433 F Supp 284 [other cases collated pp 286-287].) The basis for this position is explained in the Pollock case (p 299) thusly: "We believe that the disclosure statement, although perhaps not false, fails to make a complete disclosure concerning the security interest retained in after-acquired goods, and therefore it did not comply with the further requirement of the regulation that notice that after-acquired property will be subject to the security interest 'shall be clearly set forth in conjunction with the description or identification of the type of the security interest held . . . .’ We believe that this portion of the regulation requires a lender to explain the 10 day limitation of UCC 9-204(4)(b) so that the borrower is informed
*774 that any consumer goods that he may acquire within 10 days of the loan transaction are subject to the security interest and that any consumer goods acquired after that date are not. Since the lender failed to disclose the nature of the security interest retained in after-acquired property, we determine that General Finance violated § 226.8(b)(5).”
There is authority to the contrary, Matter of Dickson (432 F Supp 752) and Public Loan Co. v Hyde (89 Misc 2d 226) in this Judicial District. In the latter case Justice Kuhnen points out that the failure to comply with the Federal TIL Act results in a complete forfeiture under sections 353 and 358 of the Banking Law and that the omission to specify the limitation of the security interest in the defendants’ consumer goods to those acquired within 10 days was not significant enough to justify the forfeiture. Not only is there a complete forfeiture as a result of the New York act but the lender is guilty of a misdemeanor which requires a strict construction of the New York statute. (Di Nome v Personal Fin. Co. of N. Y., 291 NY 250, 253.) The limitation sought to be read into the Federal TIL Act here is after all a matter of State law.
There has been some doubt cast upon the wisdom of the holding in the Pollock case by a District Court in that Fifth Circuit in Pinkett v Credithrift of Amer. (430 F Supp 113). Though the same problem was not involved, we find the reasoning in the Pinkett case to be quite persuasive. The statement of that court (p 117) is quite apposite:
"The declared purpose of the Truth in Lending Act is 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit,’ 15 U.S.C. § 1601. Put simply, the consumer is entitled to know the terms on which a lender will extend him credit. The Act does not give the consumer the right to know all the creditor’s rights and duties under state law. If the terms of the credit agreement violate that law, the consumer is free to resort to remedies provided by the state. It seems obvious to this court that if the Congress wanted it any other way, it would have explicitly said so. But if this court were to follow Pollock to its logical conclusion, the result would be the opposite: all notes which violated state law in the various areas pertinent to the Act would automatically give rise to a violation of the Act if the disclosure statements were consistent with the note.
*775 "Enforcement of this laudable Act has become confusing enough, without engrafting onto it the laws of the fifty states.”
The difficulty with the Pollock case apparently is where to draw the line — what portion of the State law has to be incorporated by the lender in a note and disclosure statement in order not to run afoul of the Federal TIL Act. The very section which limits a security interest in after-acquired property to that acquired within 10 days has other limitations dealing with "accessions”. Would that exception have to be expressed along with 10-day limitation? Would it then be necessary to define the term "accessions” under section 9-314 of the Uniform Commercial Code which takes a whole page to define and perhaps "security interest” (Uniform Commercial Code, § 1-201, subd [37]) which takes a half page? There are any number of terms used in notes and financial instruments which are further defined and limited both by statute and by common law. We conclude the proper place to draw the line is where the Federal TIL Act put it, which was to provide a description of the security interest to be retained and a clear identification of the property to which it relates under title 15 (§ 1639, subd [a], par [8]) of the United States Code. This note and disclosure did reveal that a security was sought in after-acquired household goods. We find that it was not a violation of title 15 (§ 1639, subd [a], par [8]) of the United States Code and thus section 353 of the Banking Law to fail to state the legal limitation and exception thereto under section 9-204 (subd [4], par [b]) of the Uniform Commercial Code.
Having concluded that proper disclosures were made, we do not reach the issue as to period of limitation contained in title 15 (§ 1640, subd [e]) of the United States Code.
There being no issues of fact, the plaintiff is entitled to summary judgment in each action, that is, $327.79 with interest from March 19, 1976 against both defendants in the Sanderson action and $1,171.09 with interest from January 19, 1977 against both defendants in the Payne action. Defendant Mary Payne is entitled to judgment over against her codefendant, Joe Payne, for the full amount of the joint judgment against them. This cross claim is severed and a separate judgment shall be entered thereon. The defendants’ cross motions for summary judgment against the plaintiff are denied.