C. A. ENTERPRISES, INCORPORATED *v.* EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY OF AMERICA, CENTENNIAL INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, UNITED STATES FIDELITY & GUARANTY CO., THE HOME INSURANCE COMPANY, ST. PAUL FIRE & MARINE INSURANCE CO.

[No. 3-1276A302. Filed June 5, 1978. Rehearing denied July 24, 1978. Transfer denied October 12, 1978.]

*Michael E. Connelly, Van Horne & Connelly*, of East Chicago, *Louis M. Casale*, of Crown Point, for appellant.

*James D. McQuillan, Spangler, Jennings, Spangler and Dougherty*, of Gary, for appellees.

STATON, J. — On August 19, 1972, a building owned by C.A. Enterprises, Inc. ("Enterprise") was damaged by fire. Enterprise had taken out policies of fire and business interruption insurance with the appellee-insurance companies ("companies"). Each of those policies contained the following provision:

> "SUIT.   No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all of the requirements of this policy have been complied with, and unless commenced within twelve months next after inception of the loss."

Enterprise submitted proofs of loss to the companies. On June 19, 1973, the companies notified Enterprise of their denial of liability under the policies. Enterprise filed a complaint for damages against the companies on November 5, 1973 — more than fourteen months after the fire.

The companies filed motions for summary judgment alleging that Enterprise had failed to file suit within one year of the loss, as was required by the policies. The trial court granted the motions.

In its appeal to this Court, Enterprise raises the following issues:

(1) Is the twelve month limitations-of-actions provision valid and enforceable?

(2) Did the companies' conduct warrant the invocation of the doctrines of waiver, estoppel or laches?

(3) Did the trial court incorrectly interpret the liberalization clause of the policies?

We find no error, and we affirm.

## I.

### Validity of Provision

Enterprise contends that the twelve month limitation of actions provision is invalid and unenforceable. In order to properly resolve this issue, it is essential to understand that we are dealing with a *contractual* limitation of actions provision and not a *statutory* limitation.[1] A contractual limitation is one arrived at by the mutual consent and agreement of the parties to the contract. It is one the parties are free to make as they may choose, as opposed to one that is by operation of law made part of the contract.

It is well settled in Indiana that a provision in an insurance policy limiting the time in which suit may be brought thereon is binding unless it contravenes a statute or public policy. *Caywood v. Supreme Lodge of Knights and Ladies of Honor* (1908), 171 Ind. 410, 86 N.E. 482; *Continental Insurance Co. v. Thornburg* (1966), 141

---

1. Enterprise presented several arguments which were predicated on the proposition that the provision at issue was a statutory limitation. Because of our determination of the nature of the provision, we need not discuss those arguments.

Ind. App. 554, 219 N.E.2d 450. The provision contained in the policies issued by the companies contravenes neither.

Enterprise does not argue that the limitation provision was not brought to its attention prior to the signing of the contract, nor does it claim any ambiguity in the provision. Forfeitures of insurance policies are not looked upon with favor. *Thornburg, supra.* However, we must leave to the individual parties the right to make the terms of their agreements as they deem fit and proper, and, as long as those terms are clear and unambiguous and are not unlawful, we can only enforce them as agreed upon. *Prudential Insurance Co. of America v. Lancaster* (1966), 139 Ind. App. 292, 219 N.E.2d 607.

The limitation of actions provision used in the companies' policies is valid and enforceable.

## II.

### Waiver, Estoppel and Laches

Enterprise next contends that the conduct of the companies relative to the provision was such as to warrant the imposition of the doctrines of waiver, estoppel and laches. We disagree with that contention.

A waiver is an intentional relinquishment of a known right. *Travelers Insurance Company v. Eviston* (1941), 110 Ind. App. 143, 37 N.E.2d 310. To constitute a waiver, the words or conduct of the companies must have been inconsistent with their intention to rely on the requirements of the policies. *Thornburg, supra.* Enterprise does not refer us to any evidence which would tend to establish such conduct by the companies, nor does our search of the record reveal any. Instead, the record shows that, in their letter to Enterprise denying liability, the companies cautioned that their denial was "not to be construed as a waiver of any of the rights of said insurance companies under their respective policies." There was no waiver.

To establish estoppel, Enterprise must show that it was in some manner misled to its prejudice by the acts or statements of the companies. *Thornburg, supra.* Again, Enterprise has failed to direct our attention to any such acts or statements. The companies very explicitly denied the claims more than two months before the

period of limitation expired. Enterprise has offered no explanation as to why two months was not enough time to file its complaint. Accordingly, the trial court properly concluded that the companies should not be estopped from enforcing the limitation provision.

In order to warrant the application of the doctrine of laches, it must be shown: (1) that a party has inexcusably delayed in asserting a right or defense; and (2) that the delay has somehow prejudiced the adverse party. *Haas v. Holder* (1941), 218 Ind. 263, 32 N.E.2d 590. When both of these elements are present, the doctrine of laches operates as a bar, preventing the party from asserting that right or defense.

Neither of the elements are present in the case before us. Enterprise filed an amended complaint on August 22, 1975. The companies raised the limitation of actions defense in an amended answer which was filed by leave of the trial court, without objection, on December 3, 1975. Enterprise has not shown how that conduct constitutes an "inexcusable delay." Furthermore, the record shows that Enterprise was aware of that defense prior to the filing of its amended complaint.[2] It is not the prejudice caused by raising the defense, but the prejudice caused by the *delay* in raising the defense which triggers the application of the doctrine of laches. Because there was neither an inexcusable delay nor prejudice, the trial court properly refused to apply the doctrine.

### III.

### Liberalization Clause

Each of the policies contained the following provision:

"If during the period this insurance is in force under this policy, or within 45 days prior to the inception date thereof, on behalf of this Company there be adopted, or filed with approved or accepted by the insurance supervisory authorities, all in conformity with law, any changes in the form attached to the policy by which this form of insurance could be extended or broadened without increase premium charge by endorsement or substitution of form, then such

---

2. Enterprise had previously commenced a law suit against its former attorney, alleging that he was negligent in failing to file suit against the companies within the time required by the policies.

extended or broadened insurance shall inure to the benefit of Insured hereunder as though such endorsement or substitution of form had been made."

Enterprise argues that the phrase "insurance supervisory authorities" is ambiguous as it does not specify the authorities of a particular state. Enterprise further contends that, because ambiguous insurance policies are to be construed liberally in favor of the insured and strictly against the insurer in order to prevent a forfeiture, the longest limitation of action provision adopted by any state should be applied to the disputed policies. Finally, the argument continues, since Kansas has statutorily adopted a sixty month limitation period, Enterprise should have been afforded sixty months within which to commence its suit.

The meaning of a contract is ascertained from a consideration of all of its provisions, not from a consideration of individual words, phrases or paragraphs read alone. *Allied Structural Steel Co. v. State* (1970), 148 Ind.App. 283, 265 N.E.2d 49. Thus, in order to determine what the parties, in the case at bar, meant by their use of the phrase "insurance supervisory authorities," we must examine the policies in their entirety. However, we are not able to make such an examination, because the complete policies are contained nowhere in the record.

It is a general rule of law that a case comes to this court clothed in the presumption that the correct result was reached in the trial court and that the burden is upon the appellant to overcome that presumption. *Souerdike v. State* (1952), 231 Ind. 204, 108 N.E.2d 136. Furthermore, it is the duty of the appellant to present a proper record to this court for its consideration of the issues. *Schuman v. State* (1976), 265 Ind. 586, 357 N.E.2d 895. Because the complete policies are not available for our examination, we cannot say that Enterprise has met its burden of showing that there was an ambiguity and that the trial court incorrectly resolved that ambiguity.

The judgment of the trial court is affirmed.

Hoffman, J., Concurs;

Lowdermilk, J., (By designation), Concurs.

NOTE — Reported at 376 N.E.2d 534.