Aleck L. LEE, Plaintiff-Appellee,

v.

REDSTONE FEDERAL CREDIT UN-
ION, a Federally Chartered Corpora-
tion, Defendant-Appellant.

No. 79–2365

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 18, 1980.

Rehearing Denied June 9, 1980.

Currun C. Humphrey, Huntsville, Ala.,
for defendant-appellant.

Griffin & Griffin, Huntsville, Ala., for
plaintiff-appellee.

Before GEE, RUBIN and POLITZ, Cir-
cuit Judges.

PER CURIAM:

The major issues in this case were dis-
posed of by our opinion today in *Jacklitch v.
Redstone Federal Credit Union,* 615 F.2d
679 (5th Cir. 1980). In finding a violation
of Regulation Z, 12 C.F.R. § 226.7(a)(7), the
district court held that, by analogy, the
requirements of *Pollock v. General Finance
Corp.,* 535 F.2d 295, 299–399 (5th Cir. 1976),
*petition for rehearing denied,* 552 F.2d 1142,
*cert. denied,* 434 U.S. 891, 98 S.Ct. 265, 54
L.Ed.2d 176 (1977), were fully applicable to
open-end transactions under 15 U.S.C. §
1637(a)(7).

This Court's decision in *Elzea v. National
Bank of Georgia,* 570 F.2d 1248, 1249 (5th
Cir. 1978), supports Redstone's contention
that *Pollock* should be limited to its peculiar
facts. Nevertheless, the district court's
finding of a TILA violation is correct. Sec-

* Fed.R.App.P. 34(a); 5 Cir. R. 18.

tion 226.7(a)(7) of Regulation Z requires that a creditor disclose to the customer, in a single written statement,

> The conditions under which the creditor may retain or acquire any security interest in any property to secure the payment of any credit extended on the account, and a description or identification of the type of the interest or interests which may be so retained or acquired. [Emphasis added].

The disclosure-on-the-same-page rule of *Harris v. Tower Loan of Mississippi, Inc.*, 609 F.2d 120, 122–23 (5th Cir. 1980) and *Charles v. Krauss Co., Ltd.*, 572 F.2d 544, 546 (5th Cir. 1978), is not applicable to open-end credit arrangements. *See Charles*, 572 F.2d at 546 n. 1. However, the emphasized language of the regulation clearly requires that the creditor disclose more than the fact of its retention of a security interest. Here, the disclosure statement fails to disclose on its face either the after-acquired property clause or the 10-day limitation on its operation. While the reverse side of the document discloses an after-acquired property clause, even that portion of the document fails to reveal the 10-day limitation.

Thus, neither side of the statement meets the requirement of section 226.7(a)(7) that the lender disclose "[t]he *conditions under which* the creditor may retain or acquire any security interest in any property to secure the payment of any credit extended on the account . . . " Therefore, the carryover application of *Pollock* is unnecessary, because the regulatory language itself mandates the additional disclosure by the creditor.

For these reasons, the judgment is AFFIRMED.