Mary CORBIN, Appellant (Defendant Below),

v.

TOWN FINANCE, INC., Appellee (Plaintiff Below).

No. 2–1179A337.

Court of Appeals of Indiana, Second District.

March 23, 1981.

Rehearing Denied April 27, 1981.

Michelle A. Link and Kenneth J. Falk, Muncie, for appellant.

Robert G. Forbes, Forcum, Forbes & Forcum, Hartford City, for appellee.

SULLIVAN, Judge.

Mary Corbin appeals the trial court's judgment in favor of Town Finance for the sum of $1,739.95, plus $500 in attorney fees. Specifically, she challenges the denial of her affirmative defenses premised upon alleged violations of the disclosure requirements found in the Federal Truth in Lending Act (TILA), 15 U.S.C.A. §§ 1601 *et seq.* (1974 & West Supp.1980), Regulation Z promulgated

thereto, 12 C.F.R. part 226, and the Uniform Consumer Credit Code as adopted by Indiana (UCCC), I.C. 24–4.5–1–101 to 6–203 (Burns Code Ed.1974 & Supp.1980).[1]  Because we reverse, we address only Ms. Corbin's contention that Town Finance failed to properly disclose the extent of its security interest to be obtained in her after-acquired property.

On April 22, 1976, Ms. Corbin and Town Finance entered into a loan transaction whereby Ms. Corbin agreed to repay the loan amount of $1,887.00 in thirty-seven monthly installments of $51.00.  The transaction was covered by a security agreement which granted Town Finance a security interest in, *inter alia,* "All of the consumer goods and personal property of every kind, nature and description including but not limited to household goods, now owned or hereafter acquired by Debtors."

Town Finance filed this action on May 10, 1978, to collect the unpaid loan balance of $1,739.95.  In response Ms. Corbin asserted several affirmative defenses based upon the aforementioned alleged TILA and UCCC disclosure violations.  After both parties had filed motions for summary judgment the trial court entered judgment in favor of Town Finance.

Ms. Corbin contends that Town Finance's security agreement fails to adequately describe and identify the security interest to be obtained in her after-acquired consumer goods.  The TILA requires the creditor in a closed-end consumer loan transaction to disclose "A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates."[2]  15 U.S.C. § 1639(a)(8).  Regulation Z, 12 C.F.R. § 226.8(b)(5), further requires:

---

1.  It is uncontested that the transaction between Ms. Corbin and Town Finance was an "extension of Consumer Credit" which invoked the disclosure requirements of the TILA and the UCCC.

2.  The UCCC contains this same requirement *verbatim.* I.C. 24–4.5–3–306(2)(k).  The Code also provides that its disclosure provisions can be satisfied by providing "the information required by either this part, or the [TILA]." I.C. 24–4.5–3–301(2).  As noted the two statutory disclosure provisions dealing with security interests are identical.  Due to this interrelationship a violation of the TILA is also a violation of the UCCC, at least in regard to the adequate disclosure of security interests.

"A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates . . . If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired."

As noted in *Basham v. Finance America Corp.* (7th Cir. 1978) 583 F.2d 918, 924, *cert. denied*, (1979) 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 and 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32, the legal extent of a security interest is determined by state law. I.C. 26–1–9–204(4)(b) (Burns Code Ed.1974) limits a creditor's interest in after-acquired consumer goods to those items in which the debtor acquires rights "within [10] days after the secured party gives value." Town Finance's security agreement claiming to encompass all "consumer goods and personal property . . . now owned or hereafter acquired" clearly purports to grant a broader interest than that permitted by Indiana law. While there is some disagreement, the majority of courts considering such situations have determined that the failure to disclose the ten day limitation imposed by state law violates the TILA. *See generally* Annot. 32 A.L.R. Fed. 863, 877–882. We adopt that position as in accord with the policies underlying the TILA and the UCCC. *See* 15 U.S.C. § 1601; I.C. 24–4.5–1–102.

*Pollock v. General Finance Corp.* (5th Cir. 1976) 535 F.2d 295, *cert. denied*, (1977) 434 U.S. 891, 98 S.Ct. 265, 54 L.Ed.2d 176, is a leading case in this area. In explaining its decision that the lender's failure to inform the debtor of the ten day limitation violated the TILA's disclosure requirements, the court stated:

"We believe that the disclosure statement, although perhaps not false, fails to make a complete disclosure concerning the security interest retained in after-acquired goods, and therefore it did not comply with the further requirement of the regulation that notice that after-acquired property will be subject to the security interest 'shall be clearly set forth in conjunction with the description or identification of the type of the security interest held . . . .' We believe that this portion of the regulation requires a lender to explain the 10 day limitation of UCC 9–204(4)(b) so that the borrower is informed that any consumer goods that he may acquire within 10 days of the loan transaction are subject to the security interest and that any consumer goods acquired after that date are not. Since the lender failed to disclose the nature of the security interest retained in after-acquired property, we determine that General Finance violated § 226.8(b)(5)." 535 F.2d at 299.

*Accord, Lee v. Redstone Federal Credit Union* (5th Cir. 1980) 615 F.2d 682; *Jacklitch v. Redstone Federal Credit Union* (5th Cir. 1980) 615 F.2d 679; *Carr v. Blazer Financial Services, Inc.* (5th Cir. 1979) 598 F.2d 1368.

The Seventh Circuit has also adopted this position. In *Tinsman v. Moline Beneficial Finance Co.* (7th Cir. 1976) 531 F.2d 815, 818, the Court found deficient a security agreement which granted the creditor a security interest in "All of the consumer foods of every kind now owned or hereafter acquired . . ." In so doing the Court noted:

"Because of the repetition of the words 'now owned or hereafter,' the description covers '[a]ll of the consumer goods of every kind . . . now owned or hereafter located in or about the place of residence of the Debtors,' thereby clearly failing to allow for the 10-day limitation of UCC § 9–204(2). A reading of the form would lead the debtors to conclude erroneously that the security interest extends to all goods located in or about their residence at any time the loan agreement is in effect, even though Illinois law precludes such a security interest covering consum-

er goods acquired more than 10 days after the secured party gives value." 531 F.2d at 818.

*Accord, Basham v. Finance America Corp.* (7th Cir. 1978) 583 F.2d 918, 924–26. *Compare Sanders v. Auto Associates, Inc.* (D.S.C.1978) 450 F.Supp. 900 (security agreement covered only accessions and was therefore exempt from the ten day limitation).

Town Finance contends that requiring disclosure of the ten day limit places too great a burden on the creditor and frustrates the TILA's practicality by injecting the laws of the fifty states into the disclosure requirements. *See In re Dickson* (W.D.N.C.1977) 432 F.Supp. 752; *Pinkett v. Credithrift of America, Inc.* (N.D.Ga.1977) 430 F.Supp. 113; *Interlakes Financial Corp. v. Payne* (Sup.Ct.1978) 401 N.Y.S.2d 713, 92 Misc.2d 770. We reject these arguments. Addition of a simple phrase to the security agreement which reveals the ten day limitation for after acquired consumer goods is not an onerous undertaking. We are not requiring a disclosure unique to Indiana law. The UCC has been adopted by forty-nine of the fifty states. *See Basham v. Finance America Corp., supra,* 583 F.2d at 925; Am.Jur.2d *Desk Book,* Item No. 124.

We note finally that although Ms. Corbin may assert the TILA and the UCCC penalties[3] to set off Town Finance's award, she is not entitled to affirmative recovery. Both Acts place a one year limitation on actions for affirmative relief. *Streets v. M.G.I.C. Mortgage Corp.* (1st Dist. 1978) Ind.App., 378 N.E.2d 915.

The trial court's judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

BUCHANAN, C. J., and SHIELDS, J., concur.

---

**3.** 15 U.S.C.A. §§ 1640(a)(1) and (2), provide that the penalty for not making the disclosures required by the TILA is

"(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000 . . . ."

In addition, the UCCC allows for a penalty "twice the amount of the credit service or loan finance charged in connection with the transaction, but the liability pursuant to this paragraph shall not be less than one hundred dollars [$100] nor more than one thousand dollars [$1000] . . . " I.C. 24–4.5–5–203(a).