**Lorene M. NOEL, Defendant-Appellant,**

v.

**GENERAL FINANCE CORPORATION, Plaintiff-Appellee.**

No. 2–980A315.

Court of Appeals of Indiana, Fourth District.

April 16, 1981.

Opinion on Rehearing June 3, 1981.

See 421 N.E.2d 25.

Stephen L. Speicher and Michelle A. Link, Legal Services Organization of Indiana, Inc., Muncie, for defendant-appellant.

Gary R. Landau, Buck, Berry, Landau, Breunig & Quinn, Indianapolis, for plaintiff-appellee.

CHIPMAN, Judge.

Plaintiff-appellee General Finance Corporation (General) commenced this action against appellant Lorene Noel to recover an amount owing on a promissory note. As defenses, Noel alleged that during the course of their loan transaction General was guilty of certain disclosure violations under the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and the Indiana Uniform Consumer Credit Code, Ind.Code 24–4.5–1–101 *et seq.* The trial court granted General's motion for summary judgment, and this appeal follows.

Affirmed.

On appeal Noel argues General violated state and federal law by failing to accurately describe the type of security interest acquired in connection with the extension of credit and by failing to clearly identify the property to which the security interest relates. Noel quotes from a section of the parties' security agreement entitled "DESCRIPTION OF SECURED PROPERTY."

Under this section, argues Noel, General claimed a security interest in

"all of the consumer goods now or hereafter located in or about the premises constituting the debtor's residence at the address above set forth or at any other address to which the same may be removed, which may be described in Security List Schedule "A" bearing even date which, if applicable, is incorporated in and made a part of this Security Agreement, and any property listed below."

Noel *claims* no other property is listed or described in the security agreement.

■ Unfortunately, appellant is asking this court to consider and pass upon the legality of a contractual provision when the contract is not before us. A copy of the security agreement in question was not attached to Noel's answer as required by Ind. Rules of Procedure, Trial Rule 9.2(A).[1] The parties' stipulations of fact made no mention of the agreement. The security agreement does not appear anywhere in the record of the proceedings filed with this court. There is no parol evidence of the contents of the agreement, nor is there any indication that the contract or a copy thereof could not be produced. Instead, appellant simply quotes from one section of the security agreement in her appellate brief.

■ Under these circumstances we are prevented from addressing the merits of Noel's arguments on appeal. Her failure to supply this court with a complete record is particularly unfortunate in this case, for if the parties' security agreement in fact said what Noel claims it said, and provided no other description of the security interest and secured property was given, it would appear disclosure violations did occur. *See* *Corbin v. Town Finance*, 417 N.E.2d 1172 (Ind.App., 1981). However, this court will not pass upon the legality of a contractual provision when the contract is not part of the record on appeal. *C. A. Enterprises v. Employers Commercial Union Ins. Co.*, (1978) Ind.App., 376 N.E.2d 534. It was the appellant's responsibility to develop a complete record at the trial level and to present this court with a proper record for review. *Schuman v. State*, (1976) Ind., 357 N.E.2d 895.

In her reply brief Noel argues that even if she failed to include the parties' security agreement in the record, a section of the parties' promissory note violated certain state and federal disclosure requirements.[2] This argument was not made in Noel's original brief filed with this court, nor does it appear the argument was made to the trial court. Appellant's attempt to salvage the appeal by raising new arguments in a reply brief must fail. *City of Richmond v. Public Service Commission*, (1980) Ind.App., 406 N.E.2d 1269.

The decision of the trial court is affirmed.

YOUNG, P. J., and MILLER, J., concur.

1. Trial Rule 9.2(A) requires that "when any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading."

In the present case it is not clear whether the security agreement ever became a part of the record at the trial level.

2. General attached a copy of the promissory note to its complaint; the note has been included in the record of the proceedings filed with this court.