Lorene M. NOEL, Defendant-Appellant,

v.

GENERAL FINANCE CORPORATION, Plaintiff-Appellee.

No. 2–980A315.

Court of Appeals of Indiana, Fourth District.

June 3, 1981.

Stephen L. Speicher and Michelle A. Link, Legal Services Organization of Indiana, Inc., Muncie, for defendant-appellant.

Gary R. Landau, Buck, Berry, Landau, Breunig & Quinn, Indianapolis, for plaintiff-appellee.

ON PETITION FOR REHEARING

CHIPMAN, Judge.

In our original published opinion, *Noel v. General Finance Corporation*, 419 N.E.2d 200 (Ind.App.1981), we affirmed the trial court's granting of General Finance's motion for summary judgment. Because of some confusion occasioned by Noel's failure to include a copy of the parties' security agreement in the record of the proceedings filed with this Court, we declined to address the merits of Noel's argument concerning various state and federal consumer loan disclosure violations. The only document associated with the parties' loan transaction which does appear in the record is a copy of the disclosure portion of the parties' promissory note. Now, in her petition for rehearing, Noel argues that while some issues raised on appeal were not properly preserved for review, i. e. those questions concerning disclosure violations found in the security agreement, we can find federal disclosure violations by referring to the parties' promissory note *alone*. After careful consideration of Noel's petition for rehearing, and after reexamination of the arguments forwarded by Noel in her original brief filed with this Court, we conclude her petition for rehearing should be granted.

Noel maintains General Finance violated the disclosure requirements of the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, regulations promulgated thereto, specifically Federal Reserve Board Regulation Z, found at 12 C.F.R. § 226.1 *et seq.*, and Indiana's Uniform Consumer Credit Code, Ind.Code 24–4.5–1–101 *et seq.*, by not clearly setting forth the fact that a security interest was taken in after-acquired property and by not disclosing the fact that any security interest in after-acquired consumer goods was limited by Ind.Code 26–1–9–204(4)(b) to those consumer goods acquired within ten days after the secured party gave value. Noel adds that we need not be concerned with disclosures made in the parties' security agreement because Regulation Z, specifically 12 C.F.R. § 226.8(a), requires all disclosures to be made in one document.[1]

The disclosure portion of the promissory note in the present case contains one section entitled "Security." The following information appears in print:

> "This loan is secured by this note and any Credit Insurance and by the proceeds of any Property Insurance for which a charge is made as stated above. If 'Yes' appears under 'Security Interest' above, there is a Security Agreement on consumer goods, listed below, belonging to Borrowers. * * * The Security Agreement may cover after-acquired property and may secure future advances or other indebtedness."

Below the printed information the following sentence has been typed: "Consumer Goods listed on schedule A hearing even date herewith."

While General Finance took a security interest in after-acquired consumer goods, nothing in the disclosure statement told the borrower that the security interest was limited in its coverage to property acquired

---

1. 12 C.F.R. § 226.8(a) provides that as a general rule, disclosures must be made together on either the note or other instrument evidencing the obligation or on one side of a separate statement which identifies the transaction. 12 C.F.R. § 226.8(b)(5) admits of an exception to the single document rule in cases where a clear identification of the property to which the security interest relates cannot properly be made on the disclosure statement due to the length of the identification. In such a case, the disclosure statement may contain a reference to a separate document where property can be listed or identified.

within ten days after General Finance extended value. This very issue was recently decided by the Second District in *Corbin v. Town Finance, Inc.,* (1981) Ind.App., 417 N.E.2d 1172 in an opinion authored by Judge Sullivan. Adopting the position taken by the Seventh Circuit in *Tinsman v. Moline Beneficial Finance Co.,* 531 F.2d 815 (7th Cir. 1976), *Corbin* held a lender's failure to disclose the IC 26–1–9–204(4)(b) ten day limitation period for consumer goods amounted to a violation of the 12 C.F.R. § 226.8(b)(5) requirement that notice of an after-acquired property security interest be "clearly set forth in conjunction with the description or identification of the type of interest held ...."[2] 417 N.E.2d at 1174. We are therefore drawn to the conclusion that General Finance violated the same regulation in the present case. For this reason, the trial court erred by entering summary judgment on the corporation's behalf.[3]

Accordingly, we grant appellant Noel's petition for rehearing, reverse the trial court and remand this case for proceedings consistent with this opinion. We note that although Noel may assert Truth in Lending disclosure violation penalties as a set-off to General Finance's action on the promissory note, she is not entitled to an affirmative recovery because the federal act places a one year limitation period on actions for affirmative relief. *Corbin v. Town Finance, Inc., supra.*

MILLER, J., and YOUNG, P. J., concur.

2. 12 C.F.R. § 226.8(b)(5) requires both a description or identification of the *type* of any security held or acquired by the creditor, and a clear identification of the *property* to which the security interest relates. With regard to security interests in after-acquired property, the regulation states:

"If after-required property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired."

3. Because of Noel's failure to include a copy of the parties' security agreement in the record, we are not able to determine whether state statutory disclosure violations occurred. Unlike the federal act, our version of the Uniform Consumer Credit Code does not require all disclosures to be made in a single document. See Ind.Code 24–4.5–3–302(1)(d).