Willie LUMPKINS, Appellant
(Plaintiff Below),

v.

**GRANGE MUTUAL COMPANIES,**
Appellee (Defendant Below).

No. 49A02–8903–CV–84.

Court of Appeals of Indiana,
Second District.

May 10, 1990.

Lorine Brown Regulus, Kevin L. Scionti, Roberts & Bishop, Indianapolis, for appellant.

Richard L. Skiles, Skiles & Campbell, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Willie Lumpkins appeals an adverse grant of summary judgment to Grange Mutual Companies (Grange) in Lumpkins's action on the uninsured motorist provision of his insurance contract.

We affirm.

## ISSUES

1. Whether an action brought under an uninsured motorist provision is governed by the statute of limitations for contract actions absent an agreement to apply a different limitations period.

2. Whether Lumpkins's uninsured motorist claim was barred by a provision in his insurance contract requiring actions to be brought within the limitations period for actions for injury to person and personal property.

## FACTS

In August 1984, Willie Lumpkins's automobile was struck by a vehicle driven by an uninsured motorist. Lumpkins sued his insurer, Grange Mutual Companies, in January 1987, alleging Grange "tortius[ly]" [sic] breached the insurance contract by refusing to honor his claim. Grange answer-

ed with a general denial in March 1987 and amended its answer with the court's permission in September 1988 to assert the affirmative defense that Lumpkins's complaint was barred by the statute of limitations. Grange moved for summary judgment on the uninsured motorist claim based upon its limitations defense. The motion was granted and Lumpkins appeals.

## DISCUSSION

### I

▪ Lumpkins argues the trial court erred in granting summary judgment. He argues the initiation of his uninsured motorist claim was not barred as a matter of law by the two-year statute of limitations for actions for injury to person and personal property. He contends, in the absence of a contractual provision adopting a different period of limitation, the ten-year period applicable to contract actions should control. We agree.

Both parties refer us to *Bocek v. Inter-Insurance Exchange of the Chicago Motor Club* (1977), 175 Ind.App. 69, 369 N.E.2d 1093. *Bocek* involved a wrongful death claim brought under the uninsured motorist provisions of an insurance policy. Indiana's statute providing for uninsured motorist coverage then required insurers to cover "persons ... who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." IC 27-7-5-1 (1976) (repealed 1982). The right of recovery for wrongful death is a statutory one,[1] and bringing an action thereon within two years is an element of the right. The two-year requirement "is considered a condition attached to the right to sue and is not merely a statute of limitation.... [I]t [is not] a defense to an action which a defendant may interpose or waive, but it is a condition of the statute imposing liability." *Bocek*, 175 Ind.App. at 73–74, 369 N.E.2d at 1097. Thus, the *Bocek* court held the insured's uninsured motorist claim failed because the underlying right of action no longer existed—there was no "legal[ ] entitle[ment] to recover damages."

1. IC 34-1-1-2 (1988)

*Bocek,* 175 Ind.App. at 75, 369 N.E.2d at 1097.

▮ In Lumpkins's case, his underlying right of action is a common-law action. A limitations period, if asserted and proved, effectively bars a common law action but unlike in a statutory action, it does not eliminate the right. Hence, *Bocek* is inapplicable.

We conclude an uninsured motorist claim based upon a right of action recognized under the common law is governed by the ten-year statute of limitations. *Panos v. Perchez* (1989), Ind.App., 546 N.E.2d 1253, 1255. Therefore, the trial court erred in granting summary judgment on the grounds the initiation of Lumpkins's action was barred as a matter of law by the two-year statute of limitations.[2]

## II

Lumpkins also argues it was error to grant the summary judgment on the basis of a provision in his insurance policy with Grange. Condition 11 of the policy reads as follows:

11. Action Against Company. No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the Company for the recovery of any claim under this coverage unless as a condition precedent thereto the insured or his legal representative has fully complied with all the terms of this policy and unless same is commenced within the time period allowed by the applicable statute of limitations for bodily injury, death actions, or actions involving damages to personal property in the state where the accident occurred.

Record at 51.

Lumpkins argues Grange waived this condition by its conduct, by its failure to demonstrate prejudice resulting from the late filing, and by its failure to raise the condition as an affirmative defense.

▮ Addressing Lumpkins's third contention first, Grange's Amended Answer and Affirmative Defense filed September 30, 1988 raised the issue of Lumpkins's failure to comply with the two-year period condition.

### AFFIRMATIVE DEFENSE

Comes now the Defendant, GRANGE MUTUAL COMPANIES, by counsel, J. Richard Campbell, and for its Affirmative Defense to Plaintiff's Complaint for Damages filed herein states as follows:

That the Plaintiff's Complaint is barred by the statute of limitations.

Record at 38. The failure to perform a condition precedent must be specifically raised in a responsive pleading. *Indiana & Michigan Electric Co. v. Terre Haute Industries, Inc.* (1987), Ind.App., 507 N.E.2d 588, 600, *transfer denied* (1988), 525 N.E.2d 1247. Nonetheless, Grange's affirmative defense concerning noncompliance with the statute of limitations minimally was sufficient to raise the defense of noncompliance with a contractually adopted limitations period which itself was based upon a statute of limitations.

▮ As Lumpkins argues, contractual limitations of actions may be waived. *Paramo v. Edwards* (1989), Ind.App., 541 N.E.2d 979, 980; *Schafer v. Buckeye Union Insurance Co.* (1978), 178 Ind.App. 70, 74, 381 N.E.2d 519, 522, *transfer denied.* Waiver is generally a question of fact. *See, e.g., Wingenroth v. American States Insurance Co.* (1983), Ind.App., 455 N.E.2d 968. However, where, as here, there are no disputed facts and the undisputed facts establish a party is entitled to judgment as a matter of law, summary judgment is proper.

In support of his argument Grange waived the provisions of Condition 11, Lumpkins refers to (1) "the history of the contacts between the Parties after the accident," Appellant's Reply Brief at 6, (2) Grange's failure to investigate the accident or otherwise protect its subrogation rights,

---

**2.** The trial court did not have before it and we do not address any issue concerning the con-

tractual obligation except as discussed in Issue II.

and (3) Grange's failure to demonstrate prejudice resulting from the delay.

 The first of these arguments fails because Lumpkins fails to set forth specific facts supporting his assertion that the "history of the contacts" raised a genuine issue of disputed material fact, as was his burden, inasmuch as he was raising a defense to a defense. *See Sprowl v. Eddy* (1989), Ind.App., 547 N.E.2d 865, 866; *Schafer,* 178 Ind.App. at 74, 381 N.E.2d at 521–22; *Coghill v. Badger* (1982), Ind.App., 430 N.E.2d 405, *denying rehearing of* 418 N.E.2d 1201 (1981), *transfer denied.* The record is devoid of evidence of any acts by Grange within the limitations period.

 We are also unpersuaded by Lumpkins's argument that "where an insurer has notice of a claim, receives co-operation from the insured, but then fails to protect its interest against the tort-feasor, the insurer should not be allowed to resist liability by raising the insured's failure to comply with a condition precedent when the insurer can show no prejudice thereby." Appellant's Brief at 29–30. As Lumpkins concedes, policy requirements of notice and cooperation will not bar recovery unless the insurer suffers prejudice as a result of the delay or lack of cooperation. *Miller v. Dilts* (1984), Ind., 463 N.E.2d 257, 265–66; *Smithers v. Mettert* (1987), Ind.App., 513 N.E.2d 660, 662, *transfer denied.*

 The purpose of a provision limiting the period for filing an action is different from the purpose of a notice or cooperation requirement. Notice and cooperation requirements of a policy are intended primarily to prevent the expiration of insurers' subrogation rights. In contrast, the purpose of a limiting provision is that supporting all limitations periods: to promote certainty and hasten the resolution of claims.[3] There is nothing in these purposes that is negated by a lack of preju-

dice. Therefore, we decline to make lack of prejudice a defense to the contractual provision. Likewise, Grange's failure to investigate the accident or otherwise protect its subrogation rights bears little relationship to the purpose of the limitations period. We conclude that an insured seeking to avoid an agreed-upon limitations period must demonstrate affirmative acts of the insurer which support a conclusion that the insurer waived the limitations.

Judgment affirmed.

BUCHANAN and HOFFMAN, JJ., concur.

---

**3.** *See, e.g., Shideler v. Dwyer* (1981), 275 Ind. 270, 273, 417 N.E.2d 281, 283 ("affording security against stale claims") (quoting 51 Am.Jur.2d *Limitation of Actions* § 50 (1970)); *In re Paternity of M.D.H.* (1982), Ind.App., 437 N.E.2d 119, 128 ("preventing stale or fraudulent claims"). *But see State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 359, 332 N.E.2d 99, 103 ("to

insure that parties are given formal and seasonable notice that a claim is being asserted against them"). *See also Covalt v. Carey Canada, Inc.* (1989), Ind., 543 N.E.2d 382, 386 ("recognizing the improvements of product design and safety that come with time"); *id.* at 389 n. 3 ("encouragement for the introduction of new products") (Shepard, C.J., dissenting).