MERIDIAN MUTUAL INSURANCE COMPANY, Appellant–Defendant,

v.

Ernest J. CAVELETTO, Jr. and Irma Caveletto, Appellees–Plaintiffs,

and

Butler Insurance Agency, Inc., Non–Appealing–Defendant.

No. 30A01–8911–CV–468.

Court of Appeals of Indiana, First District.

May 24, 1990.

Michael E. Brown, John B. Drummy, Rodney L. Scott, Kightlinger & Gray, Indianapolis, for appellant-defendant.

Lowell A. Shroyer, Kitley Professional Corp., Beech Grove, for appellees-plaintiffs.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

Meridian Mutual Insurance Company (Meridian Mutual) brings an interlocutory appeal of the trial court's denial of Meridian Mutual's motion to dismiss the complaint of Ernest J. Caveletto, Jr. and Irma Caveletto (the Cavelettos). We reverse.

### FACTS

The Cavelettos owned real estate which they sold by a land contract to Ronald L. and Mary F. Jones (the Joneses). Pursuant to a requirement of the land contract, the Joneses purchased property insurance for the real estate. The policy, with Meridian Mutual, contained the following pertinent provisions:

11. SUIT AGAINST US

We may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within one year after the loss ...

11. CONFORMITY WITH STATUTE

The terms of this policy which are in conflict with the statutes of the state where this policy is issued are amended to comply with such statutes."

Record at 26, 28 and 32, 34, respectively.

A detached garage on the real estate and the contents of the garage were destroyed by fire on or about June 14, 1987. The

Jones submitted claims to Butler Insurance Agency, Inc. and Meridian Mutual, but Meridian Mutual denied coverage. On or about February 24, 1988, the Jones assigned their rights and interests in the insurance contract to the Cavelettos.

The Cavelettos filed this complaint against Meridian Mutual and Butler Insurance Agency, Inc. on June 14, 1989. Meridian Mutual filed a motion to dismiss the complaint on the ground the claim was barred by the one year limitation period contained in the insurance contract. The trial court denied the motion, apparently based on the Cavelettos' argument the contractual conformity clause amended the contractual one year limitation provision to bring it into conformity with the ten year statutory limitation of IND.CODE § 34–1–2–2(6). Meridian Mutual then brought this interlocutory appeal. Butler Insurance Agency, Inc. has not appealed.

### ISSUE

Whether a conflict exists, within the meaning of the contractual conformity clause, between the one year contractual limitations period and the statutory limitations period for actions based on written contracts.

### DISCUSSION AND DECISION

■ Meridian Mutual contends that because the complaint was filed more than one year after the loss, the action was barred by the one year limitation period contained in the insurance contract, and therefore the trial court erred in denying its motion to dismiss. A contractual limitation of actions provision which shortens the time within which plaintiffs must bring suit is valid and enforceable in Indiana if the parties mutually consented and agreed to the provision. *C.A. Enterprises v. Employers Commercial Union* (1978), 176 Ind.App. 551, 553, 376 N.E.2d 534, 535, *trans. denied.* One year contractual limitation periods in insurance contracts are valid and enforceable. *See, e.g. Huff v.*

*Travelers Indemnity Company* (1977), 266 Ind. 414, 363 N.E.2d 985; *C.A. Enterprises,* 176 Ind.App. at 554, 376 N.E.2d at 536. The Cavelettos concede this rule would normally apply and bar their action, but contend the contractual conformity provision prevents the application of the general rule. Meridian Mutual argues the conformity provision in the insurance contract does not apply here.

The conformity clause applies and requires modification of a policy term only where the term conflicts with a statute. IND.CODE § 34–1–2–2(6) requires an action upon a written contract be brought within ten years after the cause of action has accrued, but does not prohibit shorter contractual limitations periods. We must decide whether a conflict exists between the contractual limitations period and the statutory limitations period.

■ Meridian Mutual contends a contractual limitation period conflicts with a statutory limitation only when the statute expressly prohibits a contractual shortening of the statutory limitation period. The Cavelettos contend provisions conflict if they are incompatible. Indiana courts have not previously addressed the effect of a conformity clause upon a contractual limitation provision which shortens a statutory limitation period. However, courts in other jurisdictions have addressed the question and have determined contractual and statutory limitation provisions are not in conflict, and thus a conformity clause does not apply, unless the statute prohibits a contractual shortening of the statutory limitation period. *See, e.g. Nicholson v. Nationwide Mutual Fire Insurance Company,* 517 F.Supp. 1046, 1050 (N.D.Ga.1981); *Gravely v. Southern Trust Insurance Company* (1979), 151 Ga.App. 93, 94, 258 S.E.2d 753, 754; *McMahon v. Millers National Insurance Company* (1971), 131 Ill. App.2d 339, 341, 266 N.E.2d 714, 716; *Webb v. Kentucky Farm Bureau Insurance Company* (1979), Ky.Ct.App., 577 S.W.2d 17, 18. We agree with these authorities.

The Cavelettos argue these cases are distinguishable from the present case. The

Cavelettos argue *Webb* should not be applied in Indiana because, unlike the public policy of Kentucky, the public policy of Indiana does not favor contractual shortening of the statutory limitation period. *See Huff*, 266 Ind. at 423, 363 N.E.2d at 991; *Webb*, 577 S.W.2d at 18. Nevertheless, as noted above, Indiana courts do recognize contractual limitations provisions as valid and enforceable. *Huff*, 266 Ind. at 423, 363 N.E.2d at 991; *C.A. Enterprises*, 176 Ind. App. at 553, 376 N.E.2d at 535. The Cavelettos also argue *Nicholson* is distinguishable because the court considered conforming language contained in a clause separate from the limitation provision. The present case is like *Nicholson* because the conformity clause and limitation provision appear separately. We do not find *Nicholson* distinguishable for the reason advanced by the Cavelettos. Finally, the Cavelettos argue the conformity provision is ambiguous and must be interpreted against Meridian Mutual. We do not find the provision ambiguous.

Neither IND.CODE § 34–1–2–2(6) nor any other Indiana statute prohibits a contractual shortening of a statutory limitation period. Therefore, the ten year statute of limitation does not conflict with the contractual clause requiring the filing of an action within one year of the loss. Since the two provisions are not in conflict, the contractual conformity clause provision does not apply. Thus, no amendment of the one year contractual limitation period occurs and the Cavelettos' cause of action must have been filed within one year of loss. Since their complaint was filed more than one year after the loss, their action was untimely. Therefore, the trial court erred in denying Meridian Mutual's motion to dismiss the Cavalettos' action. We reverse the trial court's ruling, and remand to the trial court with instructions to grant Meridian Mutual's motion to dismiss.

Reversed and remanded.

ROBERTSON and GARRARD, JJ., concur.