**UNION AUTOMOBILE INDEMNITY ASSOCIATION, Plaintiff–Appellee,**

v.

**Harry V. SHIELDS, as Natural Father and Custodial Parent of Dana Anne Shields, a Deceased Minor, Defendant–Appellant.**

No. 95–1736.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 22, 1995.

Decided March 13, 1996.

Craig M. McKee (argued), Wilkinson, Goelelr, Modesitt, Wilkinson & Drummy, Terre Haute, IN, for plaintiff-appellee.

Robert L. Wright (argued), Wright, Shagley & Lowery, Terre Haute, IN, for defendant-appellant.

Before POSNER, Chief Judge, and COFFEY and FLAUM, Circuit Judges.

COFFEY, Circuit Judge.

Harry V. Shields appeals the district court's grant of summary judgment in favor of Union Automobile Indemnity Association ("Union"). We affirm.

## I.  Background

On June 24, 1990 Christopher D. Williams lost control of the automobile he was driving in Coles County, Illinois, crossed the centerline of the road, and crashed into an oncoming vehicle, causing the death of Dana Anne Shields, a passenger in Williams's car. Dana was the minor daughter of Harry Shields, a resident of the State of Indiana.

On June 22, 1992 Harry Shields ("Shields") brought suit against Williams in Illinois state court, alleging the wrongful death of his daughter, Dana.

Shields had purchased insurance from Union through its agent, the Robert Wilson Insurance Agency. The language of the insurance policy included Dana as a "covered person" and provided coverage in the event of a loss caused by an uninsured or underinsured motorist. The policy contained the following "Time Limit on Legal Action and Arbitration":

> No suit, action or arbitration proceeding for the recovery of any claim under this endorsement shall be sustainable in any court of law or equity unless a COVERED PERSON shall have complied with all the terms of this endorsement, nor unless commenced within two (2) years after the occurrence of loss.

Shields contends that soon after the accident he contacted his insurance agent, Pat Wilson, and informed her of his daughter's death and that his underinsured motorist coverage would be applicable to the situation. Subsequently, Shields received a letter from Union, notifying him that Union was canceling his insurance policy, effective July 6, 1991. Shields called Pat Wilson, the insurance agent, and asked why the policy was being canceled; she allegedly replied: "Because you are suing us."

In a letter dated February 11, 1993 (two years and eight months after the accident), Shields's counsel notified Union of the accident and informed the insurance carrier that Shields was involved in settlement negotiations with Williams's (the alleged tortfeasor) insurance company.

On July 15, 1993 Union filed a complaint for declaratory judgment in the Southern District of Indiana against Shields, asserting that Shields was barred from recovering any underinsured motorist coverage because he had not filed suit against Union within two years after his daughter's accident, as required by the policy. The district court granted summary judgment in favor of Union, finding that the insurance policy required Shields to commence suit against Union within two years after the accident, and Shields had not complied with this condition. Shields appeals.

## II. Analysis

Jurisdiction in this case arises under the diversity statute, 28 U.S.C. § 1332(a)(1). The parties agree that the law of Indiana applies to this dispute regarding an insurance contract issued by Union (an Illinois corporation) to a resident of Indiana. *See Wood v. Allstate,* 21 F.3d 741 (7th Cir.1994).

"Indiana has long accepted the canon of construction under which ambiguous insurance policies are interpreted in the light most favorable to the insured." *Wood,* 21 F.3d at 744. Shields argues that he has satisfied the conditions of his insurance policy and the two-year limitation period is ambiguous and must be construed against Union, the insurer. We do not agree.

"Ind.Code § 34–1–2–2(6) requires an action upon a written contract be brought within ten years after the cause of action has accrued, but does not prohibit shorter contractual limitations periods." *Meridian Mut. Ins. Co. v. Caveletto,* 553 N.E.2d 1269, 1270 (Ind.App.1990). "A contractual limitation of actions provision which shortens the time within which plaintiffs must bring suit is valid and enforceable in Indiana if the parties mutually consented and agreed to the provision." *Id.* (citing C.A. *Enterprises v. Employers Commercial Union,* 176 Ind.App. 551, 376 N.E.2d 534, 535 (1978)). However, "contractual limitations of actions may be waived." *Lumpkins v. Grange Mut. Companies,* 553 N.E.2d 871, 873 (Ind.App.1990) (citation omitted). Under Indiana law, "a waiver or estoppel may result from acts of insurer causing insured or claimant under the policy to delay bringing suit until after the time provided for in the policy." *Huff v. Travelers Indem. Co.,* 266 Ind. 414, 363 N.E.2d 985, 991 (1977) (citation omitted). "[A]n insured seeking to avoid an agreed-upon limitations period must demonstrate affirmative acts of the insurer which support a conclusion that the insurer waived the limitations." *Lumpkins,* 553 N.E.2d at 874.

Under a heading labelled "Time Limit on Legal Action and Arbitration," Shields's insurance policy is clear that no suit can be brought "for the recovery of any claim ... unless commenced within two (2) years after the occurrence of loss." By its very language, the limitation period is not satisfied by a claimant filing suit against a tortfeasor to establish liability (as Shields argues), but requires an insured commence suit "for the recovery of any claim" (i.e., commence a lawsuit against the insurance company) within two years. Shields did not initiate suit against Union within the two-year period and has pointed to no affirmative action on the part of Union that could be interpreted as amounting to a waiver of the two-year limitation. *See Wood v. Allstate,* 815 F.Supp. 1185, 1192 (N.D.Ind.1993) ("There is simply no evidence that [the insurer] ever expressly or impliedly related to [the insured] that it did not intend to rely on any of the policy provisions."), *rev'd on other grounds,* 21 F.3d 741 (7th Cir.1994). Thus, it is apparent from the briefs and record that Shields's suit against Union is barred by the contractual two-year limitation.

However, at oral argument, Shields's counsel directed us to *Stewart v. Walker,* 597 N.E.2d 368 (Ind.App.1992) (imposing an affirmative duty on insurance carriers to inform claimants of any time limitations in policy for uninsured motorist coverage), and argued that it was applicable to Shields's situation. Our review of the record reveals that Shields failed to present this theory, much less the case to the district court. Thus the issue is waived. *See Border v. City of Crystal Lake,* 75 F.3d 270, 274 (7th Cir. Jan.23, 1996); *Stern v. United States Gypsum Inc.,* 547 F.2d 1329 (7th Cir.), cert. denied, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977). However, because Stewart v. Walker presents important aspects of Indiana policy regarding time limitations in insurance policies, we will briefly address the case.

*Stewart* concerned an automobile collision in Indiana between an individual, BeCraft, and an uninsured motorist, Walker. A passenger in BeCraft's vehicle, Stewart, was injured in the accident and commenced suit against Walker in Indiana. BeCraft's insurance carrier, Nationwide, provided coverage for passengers such as Stewart who were injured by uninsured motorists. Accordingly, Stewart contacted Nationwide, ad-

vising the company that he had initiated a lawsuit against Walker for negligence and requesting the company to contact him if they needed any further information to process the claim; Stewart also forwarded a copy of the complaint to Nationwide. However, Stewart was unaware that BeCraft's insurance policy with Nationwide contained a contractual limitation that required any suit against the insurance company to be commenced within two years of the accrual of the cause of action. After the two years had run and Stewart had obtained a default judgment against Walker, Nationwide refused coverage. The court ruled that Nationwide, by its silence, had waived the contractual defense:

> An insurance policy is not an ordinary contract. It is a complex instrument, unilaterally prepared and seldom understood by the insured. The parties are not similarly situated. The company and its representatives are experts in the field; the insured is not. For this reason we do not hesitate to place the burden of affirmative action upon the insurance company.... [W]e believe it sound policy to also impose a duty on an insurer faced with an uninsured motorist claim made by an injured passenger of its insured of bearing itself with all good faith towards the claimant. We cannot but conclude that a duty of good faith dealing certainly must include an obligation to inform such a claimant of conditions precedent in the insurance contract.
>
> ...
>
> We cannot condone Nationwide's silence in regard to contractual conditions unknown to Stewart. Silence can amount to waiver where there is a duty to speak. Where an insurer's silence causes prejudice to the insured, the insurer is said to have impliedly waived its rights.... We think requiring disclosure of the conditions precedent, in the facts and circumstances of this case, [is] a prerequisite to their enforcement.

597 N.E.2d at 375–76 (Ind.App. 5th Dist.) (internal citations and quotations omitted). The broad language in Stewart imposing a duty on insurance carriers to inform insured

individuals of any time limitations in the contract appears to contradict the holding in *Lumpkins,* 553 N.E.2d at 874 ("[A]n insured seeking to avoid an agreed-upon limitations period must demonstrate affirmative acts of the insurer which support a conclusion that the insurer waived the limitations."). However, Stewart offered the following terse acknowledgment of Lumpkins:

> Certainly, as a nonparty to the contract, Stewart cannot be held to knowledge of its conditions to the same degree as a party would be. *Cf. Lumpkins v. Grange Mut. Companies,* 553 N.E.2d 871 (Ind.App. 1990) (insured barred from recovery for failure to comply with policy's time limit condition).

*Stewart,* 597 N.E.2d at 375. Although Stewart did not explicitly distinguish *Lumpkins,* it is significant that the claimant in *Stewart* was not a party to the policy and hence not directly aware of its conditions. Thus, it appears that Indiana courts only impose a duty on insurance companies to inform insureds of any time limitations (and construe silence as a waiver of such limitations), in situations where the claimant, as in *Stewart,* was not a party to the insurance policy. In contrast, in the case before us, Shields was a party to the insurance policy with Union and therefore consented to and should have been aware of its conditions. Even if Shields had presented the *Stewart* case to the district court and timely argued its applicability on appeal, because Shields is a party to the insurance contract with Union, *Stewart* does not govern Shields's situation and does not impose a duty upon Union to inform Shields of the policy's conditions. Because Shields failed to initiate suit against Union within two years of the accident as required by his insurance policy, his claim for recovery against Union is barred.[1]

AFFIRMED.

---

1. Additionally, in *Stewart* the duty to inform the

insured of the time limit arose after the insured

wrote the insurance company, advising them of the lawsuit against the uninsured motorist and forwarding a copy of the complaint. This, the court held, was adequate notice to the insurance company that it might be liable. Although the court in *Stewart* did not delineate what notice was generally necessary to trigger an insurance carrier's duty to inform a claimant of any time limitations in the policy, notice to insurance companies in Indiana usually requires that

"there must be such notice as to allow the insurer appropriate time to intervene [in a lawsuit against a tortfeasor] and realistically assert any defenses which may exist." *Vernon v. Matney*, 170 Ind.App. 45, 351 N.E.2d 60, 66 (1976). In contrast, in the case before us, Shields made no written communication with the insurance company until after the two year limitation period had expired.