Soden **HARRIS**, d/b/a Harvest Supply Company, Plaintiff-Appellant,

v.

The **HANOVER FIRE INSURANCE COMPANY**, Defendant-Appellee.

No. 28367.

United States Court of Appeals, Fifth Circuit.

April 30, 1970.

Robert C. Cox, Dallas, Tex., Charles W. Van Cleve, Arlington, Tex., for Harris.

Robert Lee Guthrie, Dallas, Tex., for appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

This appeal is from a judgment of the District Court granting defendant insurer's motion for summary judgment in an action on a property liability insurance policy. We affirm.

Appellant, Soden Harris, d/b/a Harvest Supply Company, allegedly sustained damage when a severe rain and hailstorm caused grain, stored in a warehouse operated by him, to become water-soaked. The storm, a covered risk under the policy, occurred on April 14, 1960. Shortly thereafter appellant discovered that the upper layers of grain, which were stored to a depth of 35 to 40 feet, had suffered water damage. The water-soaked grain was removed, dried and re-stored. No notice or proof of loss was filed with the insurance company. In October 1964, more than four years later, the grain was removed from the warehouse, at which time appellant discovered that water seepage had caused additional damage to the grain at the bottom of the storage facility, which he alleged to be the sum of $33,922.28. It was for this alleged loss that appellant instituted the present suit on June 24, 1965.

Article 5527 of Vernon's Ann.Revised Civil Statutes of Texas provides in pertinent part:

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

Notwithstanding the statutory limitation, the parties had agreed by policy endorsement to limit the time in which prosecution was to be commenced to a period of two years and one day "next after discovery by the assured of the occurrence which gives rise to the claim."

Appellant contends that the above limitation periods are inapplicable, that he suffered a concealed loss which was unknown to him and which could not have been ascertained with due diligence prior to removal of the bottom layers of grain because of the depth of the storage facility. The authorities cited by appellant for this proposition are based on tort concepts or fraud perpetrated against the injured party and, therefore, are inapposite. This is an action for debt founded upon a written contract[1] and, therefore, barred by both the Texas statutory limitation of four years as well as by the contractual limitation of two years and one day after discovery of the "occurrence," the hailstorm.[2]

Affirmed.

---

1. Simmons v. Western Indemnity Co., Tex. Civ.App.1919, 210 S.W. 713; Taylor v. National Life & Accident Ins. Co., Tex. Civ.App.1933, 63 S.W.2d 1082; Article 5527, Vernon's Revised Civil Statutes of Texas.

2. Commercial Standard Ins. Co. v. Lewallen, Tex.Civ.App.1932, 46 S.W.2d 355; Holston v. Implement Dealers Mut. Fire Ins. Co., 5 Cir., 1953, 206 F.2d 682; Article 5545, Vernon's Revised Civil Statutes of Texas.