**Erna BRUNNER, Appellant–Plaintiff,**

**v.**

**ECONOMY PREFERRED INSURANCE CO., Appellee–Defendant.**

**No. 49A05–9203–CV–66.**

Court of Appeals of Indiana, Fifth District.

Aug. 27, 1992.

Douglas G. Wagner, Robert H. Brunner, Ross & Brunner, Indianapolis, appellant-plaintiff.

Kent M. Frandsen, Parr, Richey, Obremsky & Morton, Lebanon, for appellee-defendant.

BARTEAU, Judge.

Plaintiff Erna Brunner appeals from an adverse grant of summary judgment in an action she instituted against Defendant Economy Preferred Insurance Company

("Economy") to recover on an insurance policy. We affirm.

## FACTS

Brunner owns an apartment building in Indianapolis, Indiana, that was insured by Economy. On May 25, 1989, while the insurance policy was in full force and effect, the building's roof and mansard front were damaged by a hailstorm. However, the hail damage was not discovered until October 1990, when the apartment manager conducted an inspection of the building. On October 19, 1990 Economy was notified of the damage. Economy immediately denied the claim because it had not been timely asserted. Economy later agreed to reconsider the matter, but eventually decided to stand by its original decision and deny the claim.

On May 28, 1991, Brunner sued Economy for breach of insurance contract. Brunner sought $4,525.00 as compensation for the hail damage and $20,900.00 in punitive damages for Economy's "bad faith refusal" to honor the claim.

Economy moved for summary judgment on the ground that the suit was barred by the following provision in the insurance policy which required that claims be brought within one year from the date of loss:

D. LEGAL ACTION AGAINST US

No one may bring a legal action against us under this Coverage Part unless:

1. There has been full compliance with all of the terms of this Coverage Part; and

2. The action is brought within one year after the date on which direct physical loss or damage occurred.

(R. 32).

The trial court granted summary judgment in favor of Economy finding that no genuine issue of material fact existed and that Economy was entitled to summary judgment as a matter of law.

Brunner raises two issues on appeal:

1. Whether the one year limitation on actions under the policy did not begin running until after the plaintiff could have reasonably discovered the damage.

2. Whether Economy waived its one year limitation defense by paying other claims after the one year limit.

## LIMITATIONS PERIOD

Our standard for reviewing a summary judgment is the same as that of the trial court: summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Walther v. Indiana Lawrence Bank* (1991), Ind.App., 579 N.E.2d 643, 647. While Brunner concedes that she failed to bring an action on the insurance contract within one year from the date of loss as required by the policy, she argues that the twelve month limitation period for bringing actions on the policy should not begin running until the insured discovers the loss.

It is well settled in Indiana that a provision in an insurance policy that limits the time in which a suit may be brought to a period less than that fixed by the statute of limitations is binding, unless it contravenes a statute or public policy. *Zehner v. MFA Ins. Co.* (1983), Ind.App., 451 N.E.2d 65, 67. Provisions limiting actions on an insurance policy to twelve months have been upheld as valid and enforceable. *Id.; Statesman Ins. Co. v. Reibly* (1978), 175 Ind.App. 317, 371 N.E.2d 414. Consequently, actions on a policy that are brought after the expiration of the limitation period provision will be barred.

As to the issue of whether a failure to discover damages tolls the contractual period of limitations the parties cite no Indiana cases nor have we found any Indiana cases on point. As Economy concedes, "Indiana has not expressly rejected the argument that the limitation period should be tolled until the insured has notice of the basis for a claim." (Appellee's Brief at 8.) Because this appears to be an issue of first impression we are free to look to the cases of other jurisdictions for guidance.

The vast majority of courts that have considered this issue have held that the policy limitation runs from the date of the

occurrence of the destructive event. *Sager Glove Corp. v. Aetna Ins. Co.* (7th Cir. 1963), 317 F.2d 439, *cert. den.* 375 U.S. 921, 84 S.Ct. 266, 11 L.Ed.2d 165; *Harris v. Hanover Fire Ins. Co.* (5th Cir.1970), 425 F.2d 1168; *Thames Realty Corp. v. Massachusetts Fire & Marine Ins. Co.* (Sup.Ct. 1959), 16 Misc.2d 747, 184 N.Y.S.2d 170; *General State Auth. v. Planet Ins. Co.,* (1975), 464 Pa. 162, 346 A.2d 265. These courts held that the insured's failure to discover the loss until some time after it occurred was immaterial and that an action on the policy was nevertheless required to be brought within twelve months from the date of the loss.

In *Sager Glove Corp., supra,* the insured did not discover that its property had been vandalized until more than twelve months after the damage occurred. The Seventh Circuit, applying Illinois law, stated that the phrase in the policy requiring an action to be brought "within twelve months next after inception of the loss" was clear. It had nothing to do with the state of mind of insured, and dealt with an objective fact. Therefore the time limit began to run at the time the loss occurred whether or not the insured knew of it. *Id.* at 441; *See also Thames Realty Corp., supra* (Insured's action against insurance company for additional damages to building that were discovered subsequent to payment by insurers was barred by policy provisions requiring suit to be brought within twelve months after inception of loss.)

The Supreme Court of Pennsylvania held that the fact that the insured, a public agency with limited staff that was allegedly unable to keep insured property under constant surveillance, did not discover the loss until twenty eight months after it occurred did not excuse noncompliance with the twelve month limitation in the policy. *General State Auth., supra.* The Fifth Circuit has gone even further holding that an insured's suit was barred despite the fact that the damage was a concealed loss which was unknown to the insured and which could not have been ascertained with due diligence. *Harris, supra* (applying Texas law).

For a further discussion of this issue see Annotation, *Property Insurance: Insured's Ignorance of Loss or Casualty, Cause of Damage, Coverage or Existence of Policy, or Identity of Insurer, as Affecting or Excusing Compliance with Requirements as to Time for Giving Notice, Making Proof of Loss, or Bringing Action Against Insurer,* 24 A.L.R.3d 1007, 1058–1064 (1969).

We adopt the reasoning of these courts. The purpose of limitation provisions like the one in Economy's policy are to guarantee that the insurer's investigative rights are not prejudiced. *Miller v. Dilts* (1984), Ind., 463 N.E.2d 257.

> The requirement of prompt notice gives the insurer an opportunity to make a timely and adequate investigation of all the circumstances surrounding the accident or loss. This adequate investigation is often frustrated by a delayed notice. Prejudice to the insurance company's ability to prepare an adequate defense can therefore be presumed by an unreasonable delay in notifying the company about the accident or about the filing of the lawsuit.

*Id.* at 265. Although the *Miller* court was resolving a different issue, the purpose for timely notice is the same.

■ Forfeitures of insurance policies are not looked upon with favor, however, we must leave to the individual parties the right to make the terms of their agreements as they see fit and proper. *C.A. Enter., Inc. v. Employers Commercial Union Ins. Co. of America* (1978), 176 Ind.App. 551, 376 N.E.2d 534, 536. As long as those terms are not unlawful, we can only enforce them as agreed upon. *Id.* The terms of an insurance policy should be construed liberally in favor of the insured only if there is an ambiguity in the policy's language. *Miller, supra.* at 265.

■ In the absence of ambiguity the insurance policy is controlled by its plain language. *Id.* The insured's state of mind plays no role in determining compliance with the policy's provisions. Thus, whether the insured knew or should have known that damage had occurred is irrelevant.

By failing to bring this action within the express time allowed in the policy, Brunner lost her right to make a claim and this action is barred as a matter of law.

## WAIVER

Brunner also argues that Economy waived its limitation by accepting and paying claims of other victims of the May 25, 1989 hailstorm up until July 1990—past the one-year limit.

█ It is well-settled that an insurer is not limited to the period contracted for and may choose to waive it and pay a claim even though the insured does not comply with the provision. *Statesman, supra.* However, the conduct on the part of the insurer must be sufficient to justify a reasonable belief on the part of the insured that the company will not insist on compliance with the policy provisions. *Wallace v. Indiana Ins. Co.* (1981), Ind.App., 428 N.E.2d 1361, 1366. Thus, the inquiry is whether anything has been done in the relationship between the insurer and the insured which would cause the insured to reach such a conclusion. *Huff v. Travelers Indem. Co.* (1977) 266 Ind. 414, 363 N.E.2d 985, 991.

█ That Economy may have paid some other claims brought more than a year after the hailstorm in question does not support an argument that Economy waived the limitation as to Brunner. There was no contact between Brunner and Economy during the one year period and she did not rely to her detriment on any representations of Economy during the claim process. Brunner had no reason to believe that Economy would not enforce the limitation provision in her case. Therefore, there is no merit to Brunner's argument that Economy waived the limitations provision.

The trial court did not err in entering summary judgment in favor of Economy.

AFFIRMED.

SHARPNACK and STATON, JJ., concur.