Betty Jean BURRESS, Appellant–
Plaintiff,

v.

INDIANA FARMERS MUTUAL INSUR-
ANCE GROUP, Standard Mutual Insur-
ance Company and Meridian Mutual
Insurance Company, Appellee–Defen-
dants.

No. 14A05–9305–CV–165 [1].

Court of Appeals of Indiana,
First District.

Dec. 21, 1993.

Rehearing Denied March 2, 1994.

1. This case was diverted to our office on No-
vember 17, 1993, by direction of the Chief

Judge.

Blake Chambers, Waller, Leonard, Chambers & Hanson, Washington, Max E. Goodwin, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for appellant-plaintiff.

Timothy E. Hollingsworth, Martin, Wade, Hartley & Hollingsworth, Indianapolis, for Indiana Farmers Mut. Ins.

John Christopher Wall, Jeffrey A. Boyll, Wilkinson, Goeller, Modesitt, Wilkinson & Drummy, Terre Haute, for Standard Mutual Ins. Co.

John B. Drummy, Brent R. Weil, Kightlinger & Gray, Indianapolis, for Meridian Mut. Ins. Co.

BAKER, Judge.

Today we decide whether an insurance clause limiting a homeowner's time to sue for denial of a claim for mine subsidence damage is enforceable. Appellant-plaintiff Betty Jean Burress challenges the trial court's dismissal of her amended complaint against appellee-defendants Indiana Farmers Mutual Insurance Group (Farmers), Standard Mutual Insurance Company (Standard), and Meridian Mutual Insurance Company (Meridian).

## ISSUES

Burress raises two issues:

1. Is an insurance policy's one-year limitation on filing suit enforceable?

2. Did the insurance companies waive the one-year limitation?

## FACTS

On December 10, 1986, Burress purchased an insurance policy from Farmers. Farmers' policy insured a number of structures, including her dwelling, against mine subsidence. Burress' coverage under this policy expired on December 10, 1988. This policy contained a clause which read:

8. Suit Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

At some point while Farmers' policy was in force, Burress' dwelling and garage suffered mine subsidence damage. Burress notified Farmers of the damage. Farmers investigated Burress' claim, employing two engineering firms to assess the damage to her property. Farmers eventually denied her claim. Farmers continued to investigate Burress' claim after its initial denial; however, it reiterated its position of nonliability several times, the last in a January 23, 1991 letter.

On March 28, 1989, Burress purchased an insurance policy from Standard. Standard's policy expired May 5, 1990. Like Farmers' policy, Standard's policy insured Burress against mine subsidence and contained a one-year limitation clause substantively similar to the one in Farmers' policy. During Standard's coverage, Burress filed a claim for mine subsidence, which Standard denied on May 4, 1990.

On May 5, 1990, Burress purchased an insurance policy from Meridian. Meridian's policy insured Burress against mine subsidence and contained a one-year limitation clause substantively similar to the ones in Farmers' and Standard's policies. During Meridian's coverage, Burress filed

a claim for mine subsidence, which Meridian denied on December 4, 1990.

On July 30, 1992, Burress filed suit against Farmers, Standard, and Meridian. The insurance companies filed a motion to dismiss for failure to state a claim upon which relief could be granted, which the trial court sustained. Burress amended her complaint, and again the insurance companies sought dismissal under Ind.Trial Rule 12(B)(6), which the trial court granted. Burress appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■ Because this case comes to us after a successful T.R. 12(B)(6) motion, we regard all facts in Burress' amended complaint as true. *See Bowman v. Bowman* (1991), Ind.App., 567 N.E.2d 828, 830. We will affirm a successful T.R. 12(B)(6) motion when a complaint states a set of facts which, even if true, would not support the relief requested in that complaint. *Bowman*, at 830; *see also Patrick Henry Gray v. Westinghouse Elec. Corp.*, Ind.App., 624 N.E.2d 49, 52 (1993). Thus, a T.R. 12(B)(6) motion tests the legal sufficiency, not the factual sufficiency, of a complaint. *Bowman*, at 830.

### II. Limitation Clause Validity

Burress argues that mine subsidence is a unique and different sort of loss such that it is unfair and unjust to enforce an insurance policy clause limiting her time in which to sue for the denial of her claim for mine subsidence damage. She also argues that even if those limitations are valid, a one-year limitation is unreasonable. To remedy this "injustice" Burress invites us either to extend the limitation period or delete the contractual time limitation and follow the discovery rule from tort law. She would then have one year from the time she should have known subsidence might have been a cause of damage in which to bring suit against an insurer for denying her claim.

Burress also asks us essentially to fashion not just a traditional discovery rule, but a new rule whereby she would have one year from discovery of the last expert opinion favorable to her in which to sue.

■ On August 3, 1988, Donan Engineering, Co., Inc. reported that mine subsidence was not the cause of Burress' damage. On August 24, 1990, Engineers International, Inc. reported that mine subsidence was a possibility. On December 22, 1990, Edward Roehm reported that mine subsidence was the problem. Roehm died before Burress' filed her complaint. Burress subsequently retained Chris Gwaltney, who, on January 6, 1992, reported that mine subsidence was the problem. Were we to adopt a discovery rule, it would avail Burress nothing. There is absolutely no reason for the time limitation to begin running on January 6, 1992, as Burress requests, instead of on December 22, 1990. That one has difficulty locating expert witnesses to corroborate one's claim is not a reason to avoid filing a complaint if one knows damage has occurred.

■ "It is well settled in Indiana that a provision in an insurance policy that limits the time in which a suit may be brought to a period less than that fixed by the statute of limitations is binding, unless it contravenes a statute or public policy." *Brunner v. Economy Preferred Ins. Co.* (1992), Ind. App., 597 N.E.2d 1317, 1318; *see also Huff v. Travelers Indemnity Co.* (1977), 266 Ind. 414, 423, 363 N.E.2d 985, 991; *Meridian Mutual Ins. Co. v. Caveletto* (1990), Ind. App., 553 N.E.2d 1269, 1271. Burress asks us to add a "reasonableness" requirement to contractual time limitations on the right to sue. Public policy subsumes reasonableness; an egregiously unreasonable limitation may be against public policy. *See Shafer v. Buckeye Ins. Co.* (1979), 178 Ind. App. 70, 74, 381 N.E.2d 519, 522.

Burress argues that because subsidence is not readily apparent and that it is expensive and time-consuming to determine if it is the cause of damage, contractual limits on bringing suit for subsidence damage should be invalid. She argues that subsidence damage is not like hail damage, which occurred in *Brunner:*

Hail after all is hail. It is hard, it is cold and it falls from the sky. On these essential facts, all experts would have to agree. They do not, obviously, always agree on what is subsidence and what is not.

Appellant's Brief at 20.

A careful reading of the insurance policies, however, reveals no reason to differentiate between hail and subsidence. The limitation provisions here, and in *Brunner* required filing suit within one year of the "loss," not within one year of the events causing the loss. A loss occurs not when hail plummets out of the firmament but when that hail impacts upon the unfortunate roof or car. Likewise, a loss occurs not when the ground beneath a structure slips away, but when that edifice cracks and crumbles for want of a solid foundation. Whether or not the earth falls more slowly and surreptitiously than hail matters not. It does not take an expert to determine that there are dents and depressions in one's roof or hood. Likewise, it does not take an expert to determine that there are cracks in a wall or foundation. The cracks are the loss, not the terra infirma. While it may take an expert to determine the cause of the loss, the one-year limitation runs from the date of the loss, not from the date one adduces the cause thereof.

In support of her argument that we should treat mine subsidence insurance differently, Burress argues that mine subsidence falls under a statutory heading of "Special Types of Insurance," and therefore it should have a special set of rules. *See* IND.CODE article 27–7 (1993). The legislature provided for the mine subsidence insurance fund in great detail, IND. CODE 27–7–9–1 *et seq.* (1993), but it did not codify a special limitation for bringing suit for mine subsidence. "We cannot under the guise of construction put something into a statute that the legislature apparently designedly omitted." *Poyser v. Stangland* (1952), 230 Ind. 685, 689, 106 N.E.2d 390, 391; *see also Health and Hosp. Corp. of Marion County v. Marion County* (1984), Ind.App., 470 N.E.2d 1348, 1355,

*trans. denied* (express mention implies exclusion of omitted provisions).

Burress further argues that IND.CODE 27–7–9–8.5(b)(2) (1993) precludes a one-year limitation. I.C. 27–7–9–8.5(b) states, in part:

For the purposes of this section, all damage that is caused by: (2) Two (2) or more mine subsidence events that are continuous; shall be considered as having been caused by one (1) mine subsidence occurrence.

I.C. 27–7–9–8.5 concerns the amount of an insurer's liability, not time limits for an insured to bring suit. In particular, there are statutory limits on an amount payable from the mine subsidence insurance fund for a given mine subsidence event. *See id.;* IND.CODE 27–7–9–8(e) (1993); IND.CODE 27–7–9–9(a) (1993). In the event of continuous subsidence, I.C. 27–7–9–8.5(b) limits the amount recoverable from that fund as if the continuous subsidence were but one subsidence event. The net effect of I.C. 27–7–9–8.5(b) is not, as Burress argues, to expand the definition of a mine subsidence event, but to contract it.

Burress argues that she should be able to pursue Meridian for that subsidence loss that was ongoing while she was covered by Meridian's policy. I.C. 27–7–9–8.5(d) provides that no insurer is liable for mine subsidence damage that occurs before that insurer issued a policy covering mine subsidence. I.C. 27–7–9–8.5(b) provides that continuous mine subsidence shall be considered as one subsidence occurrence. Therefore, neither Standard nor Meridian would be liable for mine subsidence damage that began prior to their insuring Burress' property.

For yet another reason we reject Burress' invitation to adopt a discovery rule. Burress and her insurers formed expectations about her insurance based on those policies as written. Based on those expectations, Burress' insurers charged and she paid a calculated amount of money in premiums. *See* IND.CODE 27–7–9–10 (1993). If we were to force a discovery rule upon the parties in place of their agreed upon time limitation, we would burden the insur-

ance companies with obligations they did not anticipate or undertake, and bestow upon Burress a windfall for which she did not pay.

■ When there is no ambiguity in a contractual provision, that provision's plain language controls. *Brunner*, at 1319. Hence, an insured's state of mind regarding discovery of the loss or cause of damage is irrelevant for compliance with a policy's provisions. *Id.* Even if it were relevant, Burress knew a loss occurred. She filed her first claim for mine subsidence in 1988. The one-year limitations on which to bring suit bar Burress' claims against each insurer.

### III. Waiver

Burress argues that Farmers, Standard, and Meridian waived the contractual time limitation.

■ For waiver to occur the insurer's actions must be sufficient to justify a reasonable belief that the company will not insist on compliance with policy provisions. *Huff*, 266 Ind. at 423, 363 N.E.2d at 991; *Brunner*, at 1320. At oral argument, held December 2, 1993, Farmers argued that it denied Burress' claim within sixty days of the initial engineering reports of August 3, 1988 and August 24, 1988. It also argued that it did not investigate her claim further until 1990, when it reviewed her claim to ensure that it had reached the proper decision thereon. On these facts, there could be no waiver of the one-year time limitation because all facts upon which Burress relies would have occurred more than one year after Farmers would have denied her claim, and a flat denial to pay a claim does not waive rights under a policy. *Interstate Auction, Inc. v. Central National Insurance Group* (1983), Ind.App., 448 N.E.2d 1094, 1102. There would therefore have been no prejudice to Burress.

Nevertheless, Burress, perhaps wisely, did not include in her amended complaint any reference to correspondence between herself and Farmers dated earlier than September 17, 1990. Thus, Farmers' assertions of denial of the claim in 1988 are not present in the facts we may consider in affirming a motion to dismiss. Nonetheless, that absence does not change the result we reach today.

Burress argues that because Farmers used language such as "at this time" and did not flatly deny her claim, that Farmers may not now complain of the untimeliness of her suit.

In correspondence dated November 15, 1990, November 29, 1990, December 18, 1990, and January 23, 1991, Farmers denied Burress' claim. In the December 18 correspondence, Farmers stated

we will not, at this time, give consideration to an appeal of this case nor are we required to under the contract of insurance. Our position, at this time, must remain one of denial for mine subsidence as the engineering reports obtained do not clearly reflect that this is a mine subsidence claim.

Record at 101. In the January 23 correspondence, Farmers stated

at this time, this company's position has not changed in any way regarding your submission of an alleged mine subsidence claim. This company reserves any known or unknown rights that we would have under the contract of insurance issued as it relates to the described property in question. By continuing to discuss this matter with you and have our engineers reevaluate this matter we do not, in any way, intend to lead you to believe that this company's position has changed in any way regarding the submission of this claim under Indiana's mine subsidence fund.

Record at 102. No reasonable person could interpret this correspondence as waiving the one-year limitation. For us to hold that language, such as "at this time," and continuing to investigate a claim after it is denied constitutes waiver would be unsound public policy. In order to protect themselves, insurance companies would have to unequivocally deny claims and could not reconsider them without exposing themselves to liability. Insurance companies could not act like the "good neighbor"

that at least one advertises itself to be, but would have to immediately assume an adversarial posture with their insureds, instead of working together with them.

Furthermore, Burress filed suit on July 30, 1992, more than one year after Farmers' last correspondence, so even if Farmers had waived the time limitation while it was investigating Burress' claim, it would not have extended the time for her to sue past January 23, 1992, one year after the last correspondence.

In her brief, Burress argues that because Standard relied on engineering reports commissioned by Farmers, Farmers' correspondence regarding the investigation binds Standard, thus causing Standard to waive its one-year time limitation. At oral argument, however, she conceded that waiver is not applicable to Standard.

 Burress argues that because Meridian continued to insure her for mine subsidence after denying her claim for pre-existing subsidence, Meridian also waived its one-year time limitation. I.C. 27–7–9–8.5(c) provides that an insurer is not obligated to investigate for mine subsidence damage that may have occurred before the issuance or renewal of a policy including mine subsidence coverage. Meridian flatly refused to pay Burress' claim, and notified her of this fact in a December 4, 1990 correspondence. This precludes waiver. *See Interstate*, at 1102.

Burress likens subsidence insurance to fire insurance, where an insurer might waive certain defenses by insuring a premises notwithstanding its knowledge that the premises is vacant and therefore not covered by the insurance policy. *See Huff*, 266 Ind. at 425–27, 363 N.E.2d at 992–93. Knowledge that a building has suffered subsidence damage in the past is not the same as knowledge that the building is vacant. It is more like providing fire insurance knowing that a building has suffered fire damage or providing liability insurance to a motorist with a history of accidents. Offering the current coverage does not eliminate potential defenses against the insured for past claims. Furthermore, I.C. 27–7–9–1 *et seq.* requires insurers to pro-

vide subsidence insurance. Meridian's compliance with the law does not constitute waiver.

### CONCLUSION

Farmers', Standard's, and Meridian's one-year time limitation clauses were valid limitations on Burress' right to sue and began to run one year from the date her loss occurred. This date could be no later than the date she filed a claim with Farmers because she must have known a loss occurred when she filed that claim. Farmers did not waive the limitation in its policy by continuing to investigate Burress' claim. Standard did not waive the limitation in its policy by relying upon Farmers. Meridian did not waive the limitation in its policy by continuing to insure Burress after denying her claim. Assuming, arguendo, that the insurance companies had waived the one-year limitation during the time Farmers investigated Burress' claim, Burress filed her complaint more than one year after each company's last correspondence unequivocally denying her claim. The trial court properly dismissed Burress' complaint for failure to state a valid claim.

Judgment affirmed.

ROBERTSON and NAJAM, JJ., concur.