**NEW WELTON HOMES, Successor in interest to Don Welton Manufactured Housing, Inc., Appellant–Defendant,**

**v.**

**Lance ECKMAN and Karen Eckman, Appellees–Plaintiffs,**

**and**

**Richard C. Green d/b/a Green Concrete, Appellee–Defendant.**

No. 27A02–0208–CV–694.

Court of Appeals of Indiana.

April 24, 2003.

Mark E. Spitzer, Marion, IN, Attorney for Appellant.

Joseph W. Eddingfield, Wabash, IN, Attorney for Appellees.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant New Welton Homes ("Welton") brings this interlocutory appeal from the trial court's denial of Welton's motion for summary judgment in this breach of contract action brought by Plaintiffs–Appellees Lance and Karen Eckman ("the Eckmans").

We affirm.

### ISSUE

Welton presents for our review the following issue that we restate as: whether a contractual limitation of action is tolled by the discovery rule in a breach of contract action.

### FACTS AND PROCEDURAL HISTORY

The Eckmans own property located at 4675 South 600 East in Wabash County, Indiana. On December 29, 1998, the Eckmans entered into an agreement with Welton to purchase a 1999 Commodore Modular Home. Welton was a retailer of manufactured homes in North Central Indiana. Part of the agreement entered into between the Eckmans and Welton involved the installation of a foundation for the placement of the modular home, installation of a perimeter drain, and backfilling the foundation area and perimeter drain with dirt and grading and seeding the area adjacent to the foundation and drain. The project was completed on June 1, 1999.

Throughout the remainder of 1999 and through April 2001, the area in Wabash County where the Eckmans reside encountered drought conditions with no sustained periods of rainfall or other precipitation. However, in the latter part of May of 2001, Wabash County experienced substantial and continuing rainfall lasting into early June of 2001. The Eckmans discovered water standing around the perimeter of the modular home and discovered that no water was being discharged from the drainage system installed around the foundation. They investigated further looking underneath the modular home and discovered a substantial amount of moisture had accumulated inside the foundation area and around the structural support system underneath the modular home. After the period of rainfall ended, the Eckmans noticed evidence of settling and cracking in-

side the modular home. The Eckmans investigated the crawlspace area under the home and discovered that the support systems had shifted and settled.

On December 28, 2001, the Eckmans filed a complaint against Welton for breach of contract. Their amended complaint was filed on January 8, 2002. Welton filed its answer on February 1, 2002. Welton filed its motion for summary judgment on April 15, 2002. A hearing on the motion was conducted on June 5, 2002. On June 21, 2002, the trial court entered its order denying Welton's motion for summary judgment.

At issue was the contractual limitation of action contained in the agreement between the Eckmans and Welton. The limitation states as follows:

> **15. ONE–YEAR PERIOD OF LIMITATION.** I understand and agree that—if either of us should breach this contract—the other of us shall have only one year, after the occurrence of the breach, in which to commence an action for breach of this contract.

Appellant's App., p. 55.

Welton argued that the Eckmans were barred by the contractual limitation from bringing their cause of action because their complaint was brought more than one year after completion of the project. More specifically, Welton argued that the breach occurred upon the completion of the project, June 1, 1999, and that the complaint, which was filed on December 28, 2001, was untimely. The Eckmans argued that the contractual limitation period was tolled until such time as they could have discovered the breach of contract. They argued that because of the drought conditions encountered immediately after completion of the project, they could not have discovered the breach of contract until a period of substantial rainfall. They argued that summary judgment was not appropriate because there existed a material question of fact regarding when they knew or could have known of the breach of contract.

The trial court agreed with the Eckmans and applied the discovery rule to this cause of action. The trial court found that summary judgment was inappropriate because of the existence of the genuine issue of material fact regarding when the Eckmans knew or should have known of the breach. This appeal ensued.

## DISCUSSION AND DECISION

### STANDARD OF REVIEW

Our standard of review for the denial of a motion for summary judgment is the same as that of the trial court. *See Diversified Financial Systems, Inc. v. Miner,* 713 N.E.2d 293, 297 (Ind.Ct.App. 1999). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.;* Ind. Trial Rule 56(C). This court may consider only matters that were designated at the summary judgment stage of the proceedings. *See Diversified,* 713 N.E.2d at 297. We give careful scrutiny to the pleadings and designated materials, construing them in a light most favorable to the non-movant. *Id.* Finally, a trial court's decision on a motion for summary judgment enters the process of appellate review clothed with a presumption of validity. *Id.*

The Eckmans and Welton agree that the contract contained a one-year period of limitations for bringing an action for breach of contract. They disagree, however, regarding when the one-year period of limitations began to run.

A contractual limitation of actions provision that shortens the time within which plaintiffs must bring suit is valid

and enforceable in Indiana if the parties mutually consented and agreed to the provision. *Meridian Mutual Ins. Co. v. Caveletto*, 553 N.E.2d 1269, 1270 (Ind.Ct.App. 1990). Further, it is well-established in Indiana that, while not favored, contractual limitations shortening the time to commence suit are valid, at least so long as a reasonable time is afforded. *See Summers v. Auto–Owners Ins. Co.*, 719 N.E.2d 412, 414 (Ind.Ct.App.1999). The purpose of such provisions concerns not a specific date following the loss but unreasonable delay in proceeding to enforce or pursue the claim. *Id.*

Therefore, while the parties agree that the contract contains the one-year limitation of action, the question before us is whether the trial court correctly applied the discovery rule to this breach of contract action in ruling on the motion for summary judgment.

■ The discovery rule is applicable to all tort actions. *See Wehling v. Citizens Nat. Bank*, 586 N.E.2d 840, 843 (Ind.1992). Therefore, in Indiana, a tort action accrues and the applicable statutes of limitations begin to run when the injured party knows or, in the exercise of ordinary diligence, could have known, that he or she had sustained an injury. *Id.*

In the context of breach of contract actions, this court has held, for example, in an action by a homeowner against a contractor for breach of contract, that the homeowners' claim accrued and the statute of limitations began to run when the homeowners knew, or in the exercise of ordinary diligence, could have discovered, that their real property had been damaged by the contractor's breach of warranty and/or contract. *Habig v. Bruning*, 613 N.E.2d 61, 65 (Ind.Ct.App.1993). Therefore, the statute of limitations in a breach of contract case can be tolled by the application of the discovery rule.

The present case is different from *Habig* in that this contract contains a limitation of action provision. The majority of the Indiana cases that address disputes surrounding contractual limitations periods arise in the insurance industry context. For example, in *Brunner v. Economy Preferred Ins. Co.*, 597 N.E.2d 1317 (Ind.Ct. App.1992), the contractual limitation provision barred actions on claims brought more than one year after the damage occurred. In *Brunner*, the damage occurred in May of 1989, but was not discovered until October of 1990. The insured notified the insurer of the damage later in October of 1990, but did not bring an action on the claim until May of 1991. We declined to apply the discovery rule in that context and in so doing followed authorities from other states. 597 N.E.2d at 1319. We held that the purpose of limitation provisions like the one in *Brunner* was to guarantee that the insurer's investigative rights are not prejudiced. *Id.*

Also, in *Burress v. Indiana Farmers Mut. Ins. Group*, 626 N.E.2d 501 (Ind.Ct. App.1993), the insured obtained insurance coverage on her dwelling that included insurance for mine subsidence damage. That policy was in effect from December 10, 1986, until December 10, 1988, and contained a one-year contractual limitation of action provision. Sometime while the policy was in effect the insured's dwelling suffered mine subsidence damage. The insured investigated the claim but repeatedly denied liability, the last denial occurring in January of 1991. After one engineering firm reported in August of 1988 that mine subsidence was not the cause of the insured's damage, another firm reported in August of 1990 that mine subsidence was a possibility. On December 22, 1990, an engineer reported that mine subsidence was the problem. However, that engineer died prior to the filing

of the insured's complaint. The insured hired another engineer who reported in January of 1992 that mine subsidence was the problem. The insured filed suit against the insurer on July 30, 1992. The trial court sustained the insurer's motion to dismiss. On appeal, the insured asked this court to either 1) extend the limitation period, or 2) follow the tort law discovery rule. The insured also asked this court to apply a discovery rule allowing her one year from discovery of the last expert opinion favorable to her in which to sue.

We stated that having difficulty in locating expert witnesses to corroborate one's claim was not a valid reason to avoid filing a complaint if one knows damage has occurred. 626 N.E.2d at 503. Put another way, we opined that had we applied the discovery rule in the traditional sense to the insured's claim, her cause of action would have failed nevertheless. The insured made her discovery in December of 1990, and filed suit on July 30, 1992. The discovery rule would not have saved the insured's cause of action.

Furthermore, we stated that the insured and the insurer formed expectations about the insurance coverage based on the policies as written. The insurer charged and the insured paid a calculated amount of money in premiums. To force the discovery rule upon that situation would burden the insurance companies with obligations they did not anticipate or undertake, and bestow upon the insured a windfall for which she did not pay. 626 N.E.2d at 504–505. We held that the insured's right to sue began to run one year from the date her loss occurred. *Id.* at 505. However, we also stated that the date of the occurrence could be no later than the date the insured filed the claim with the insurer because she *must have known a loss occurred* when she filed that claim. *Id.* (Emphasis added).

In *United Technologies Automotive Systems, Inc. v. Affiliated FM Ins. Co.*, 725 N.E.2d 871 (Ind.Ct.App.2000), the insured bought a property insurance policy that was effective from December 1, 1971, until December 1, 1974. The insured was purchased by another corporation in 1988. In 1989, the EPA conducted a screening inspection of one of the insured's manufacturing plants. A follow-up inspection was conducted in 1995. A CERCLA action was brought against the insured, but that action was settled in 1995. The insured first advised insurer in May of 1998 of its claim for coverage. The insurance policy contained a one-year contractual limitations provision. The trial court entered summary judgment in favor of the insurer in February of 1999.

On review, we first held that since we have consistently declined to adopt a discovery rule in insurance coverage cases, we declined to do so in this case as well. 725 N.E.2d at 874. We also stated that even if we were to apply a discovery rule, and gave the insured every benefit of the doubt, discovery would have to be attributed to the insured on the date when the CERCLA suit was settled, in 1995. Since the instant lawsuit was not filed until May 21, 1998, the claim would be time barred nevertheless. *Id.*

These insurance cases demonstrate this court's concern with maintaining the balance struck by the parties to the insurance contract. Premiums are set by the insurers based upon the kind of risk to be covered and the length of time for that coverage. That balance might be upset by extending the time period within which to bring suit. We also are concerned with preserving the insurer's opportunity to investigate claims. The insureds could have discovered the damage or loss sooner by the exercise of ordinary diligence.

Other cases, not cited by either party, outside of the insurance context address the issue of contractual limitations. However, we find that they are distinguishable from and inapplicable to the case at bar because they do not involve limitations of actions or the issue of discovery.[1]

Because the instant case presents us with an issue of first impression, we turn to authority from other states in resolving this issue.

In *Moreno v. Sanchez,* 106 Cal.App.4th 1415, 131 Cal.Rptr.2d 684 (2003), a case involving a breach of contract action by homeowners against a home inspector, the California Court of Appeals noted that courts generally enforce parties' agreements for a shorter limitations period than otherwise provided by statute, so long as the time period is reasonable. *Id.* at 695. The court went on to note that contractually shortened limitations periods have never been recognized "outside the context of straightforward transactions in which the triggering event for either a breach of a contract or for the accrual of a right is immediate and obvious." *Id.* Further, the court noted that "[i]n short, no authority exists which sanctions a contractual provision permitting parties to opt out of the benefits of the discovery rule in situations where the discovery rule would otherwise apply." *Id.* at 697. The court concluded that most reported decisions upholding shortened periods have involved straightforward commercial contracts plus the unambiguous breaches or accrual of rights under those contracts. *Id.* at 695.

We find the reasoning of the California Court of Appeals to be persuasive. As propounded by the California Court of Appeals in *Moreno,* "[i]f a legislated limitations period must yield to a judicially created delayed discovery rule, how can it be argued a contractually agreed limitations period is immune from that rule and its underlying rationale?" 131 Cal.Rptr.2d at 694. Our answer is that it cannot.

In the instant case, a breach of contract action between a homeowner and a contractor, absent a contractual limitation of action provision, the discovery rule would apply and would toll the statute of limitations. *See Habig,* 613 N.E.2d at 65. Since we have applied the discovery rule to breach of contract cases where the statute of limitations operates to foreclose untimely claims, then it follows that the discovery rule should also be applied to breach of contract cases where the parties have shortened by contract the time within which suit may be brought and the time of the breach is not fixed or readily ascertainable.

We recognize that *Brunner,* reaches a conclusion opposite the conclusion we reach today. 597 N.E.2d at 1319. However, *Brunner* is an insurance case, and relied upon insurance cases from other jurisdictions to reach that conclusion. Again, *Brunner* emphasizes that the purpose of limitation of action provisions are to guarantee that the insurer's investigative rights are not prejudiced. 597 N.E.2d at 1319. The valid concerns presented in insurance industry cases are not present here.

Therefore, the trial court correctly denied Welton's motion for summary judgment. There is a genuine of issue of material fact regarding when the Eckman's

---

1. In *Orkin Exterminating Co., Inc. v. Walters,* 466 N.E.2d 55, 58 (Ind.Ct.App.1984)(abrogated on other grounds by *Mitchell v. Mitchell,* 695 N.E.2d 920 (Ind.1998)), we held that a contractual limitation of *liability* applied to the plaintiff's tort claim for negligent breach of contract. (Emphasis added). In *Wilson Fertilizer & Grain, Inc. v. ADM Milling Co.,* 654 N.E.2d 848, 855 (Ind.Ct.App.1995), we upheld a compulsory arbitration provision of a contract which really was a contractual limitation of *remedy.* (Emphasis added).

discovered, or could have discovered, in the exercise of ordinary diligence, the breach of contract. The trial court did not err.

### CONCLUSION

We hold that the discovery rule can apply to breach of contract actions in which the contract contains a limitation of actions provision. The rule tolls the running of the time period in which to bring an action until such time as a party discovers or could have discovered by the exercise of ordinary diligence the alleged breach, where the alleged breach is not fixed or clearly ascertainable. The trial court correctly denied Welton's motion for summary judgment.

Affirmed.

BAKER and VAIDIK, JJ., concur.