SHEPARD, Chief Justice.
A family contracted for a manufactured home. The agreement included a warranty requiring any claims for breach to be brought within one year. Two years after the home was completed, the purchasers experienced foundation damage after substantial rains and sued the seller for breach of contract. They urge that the discovery rule used for determining when a cause of action accrues within the meaning of the statute of limitations be deployed to extend warranty agreements in contracts. We conclude that there is little justification for such judicial alteration of private contracts.
Facts and Procedural History
In December 1998, Lance and Karen Eckman contracted with Don Welton Manufactured Housing, Inc. (now "New Wel-ton") to purchase and place a 1999 Commodore Modular Home. Among other things, the agreement required installation of a foundation on which to place the modular home, and the creation of a perimeter drain to prevent moisture encroachment on and beneath the foundation. New Wel-ton obtained a proposal from Green Concrete to help backfill the foundation and perimeter drain, and grade and seed that area. New Welton completed this project in June 1999.
The area where the Eckmans reside experienced a drought between 1999 and 2001. There were several consecutive days of rainfall in late May and early June 2001. About a month after these rains, the Eckmans noticed settling and cracking inside the modular home. They discovered water standing around the perimeter of it. Further investigation revealed moisture accumulated inside the foundation area and around the structural support *34 system under the home. This discovery occurred about two and a half years after the home's completion.
The Eckmans sued New Welton and Green, claiming a failed perimeter drainage system and seeking a judgment for the resulting damage. New Welton moved for summary judgment, citing the claims provision in the contract between them. The Eckmans and New Welton had signed a contract under which they agreed that in the event either of them breached, claims for the breach must be brought within one year of the breach.[1] The trial court denied the motion for summary judgment, holding that the discovery rule applied to the contractual limitations period.
The Court of Appeals affirmed, holding that a discovery rule could apply to a breach of contract action that included a limitation action provision. New Welton Homes v. Eckman, 786 N.E.2d 1172, 1178 (Ind.Ct.App.2003) vacated. We granted transfer.
Contractual Limitation v. Discovery Rule
The Eckmans argue that the discovery rule should apply because they were not able to detect the defective perimeter drain until after the damage surfaced from the rainfall of May 2001. To support their position, the Eckmans cite Barnes v. A.H. Robins Co., 476 N.E.2d 84 (Ind.1985), which states that "it is inconsistent with our system of jurisprudence to require a claimant to bring his cause of action in a limited period in which, even with due diligence, he could not be aware that a cause of action exists." Id. at 86. As such, the Eckmans believe that the contractual limitation provision began to run after the damage was discovered, not when it occurred. (Appellees' Br. at 9).
The Eckmans also cite Essex Wire Corp. v. M.H. Hilt Co., 263 F.2d 599 (7th Cir.1959), where the court held that a cause of action accrues at the time that one suffers legal injury and resulting damage that is sustainable and that both elements must come into existence before the limitation period commences to run. Like the Court of Appeals, the Eckmans rely on Habig v. Bruning, 613 N.E.2d 61 (Ind.Ct.App.1993), to support the extension of the discovery rule from tort to contractual matters. Based on their understanding of Habig, the Eckmans argue that "the statute of limitations began to run when [they] 'knew or in the exercise of due diligence could have discovered'" that their property had been damaged as a result of New Welton's breach. Id. at 65; (Appellees' Br. at 6-7).
Each of these cases represent disputes in which the courts were called upon to determine when a cause of action might "accrue" within the meaning of the applicable statute of limitation. New Welton urges that these interpretations of statutory limitation periods are inapplicable. Using arguments typically found in the insurance realm, New Welton relies on Summers v. Auto-Owners Ins. Co., 719 N.E.2d 412, 414 (Ind.Ct.App.1999), which reinforces the point that a contract limitations provision is valid as long as a reasonable time is afforded.
The Nature of Contract
A contract expresses the legal relationship between parties manifested by their assent and which organized society *35 recognizes as giving remedies to the holder of a right against the bearer of a legal obligation. See, 1 Arthur L. Corbin, Corbin on Contracts §§ 1.2-1.8 (Joseph M. Perillo ed., rev. ed. 1993). They represent "private, voluntary allocations by which two or more parties distribute specific entitlements and obligations." Johnson v. Scandia Associates, Inc., 717 N.E.2d 24, 29 (Ind.1999). Professor Farnsworth discussed voluntary allocation of rights and obligations this way:
[An elxchange is the mainspring of any economic system that relies as heavily on free enterprise as does ours. Such a system allocates resources largely by direct bilateral exchanges arranged by bargaining between individuals In these exchanges each gives something to the other and receives in return something from the other.
1 E. Allan Farnsworth, Farnsworth on Contracts § 1.2 (3rd ed. 2004).
Indiana law generally holds that "contractual limitations shortening the time to commenee suit are valid, at least so long as a reasonable time is afforded." Summers, 719 N.E.2d at 414. While contractual provisions may sometimes be avoided if the claimant can prove fraud, duress, misrepresentation, adhesion, or illusory contract, the Eckmans do not challenge the contract or the claims provision on any of these grounds.
Our courts have regularly held that unless a contractual provision contravenes a statute or public policy, "actions on a policy that are brought after the expiration of the limitation period provision will be barred." Brunner v. Econ. Preferred Ins. Co., 597 N.E.2d 1317, 1318 (Ind.Ct.App.1992). See also, United Techs. Auto. Sys., Inc. v. Affiliated FM Ins. Co., 725 N.E.2d 871 (Ind.Ct.App.2000) trans. denied; Burress v. Indiana Farmers Mut. Ins. Group, 626 N.E.2d 501 (Ind.Ct.App.1993) trans. denied. The Brunner court adopted the reasoning of what Judge Barteau called the "vast majority of courts," that an insured's failure to discover a loss within the time provided under the contract for bringing a claim is immaterial. Brunner, 597 N.E.2d at 1318-19. See also United Techs., 725 N.E.2d at 875.
The Eckman's proposal to apply the discovery rule to contract law is based on tort principles. "The basic theory underlying the distinction between contract and tort is that tort liability is imposed by law and that contract liability is the product of an agreement of the parties." Greg Allen Constr. Co. v. Estelle, 798 N.E.2d 171, 173 (Ind.2003). Similar to insurance policies, "we must leave to the individual parties the right to make the terms of their agreements as they deem fit and proper, and, as long as those terms are clear and unambiguous and are not unlawful, we can only enforce them as agreed upon." C.A. Enter., Inc. v. Employers Commercial Union Ins. Co. of America, 176 Ind.App. 551, 554, 376 N.E.2d 534, 536 (Ind.Ct.App.1978).
The Court of Appeals has observed that allowing the discovery rule to super-cede the contractual limitations in insurance cases would "burden [parties] with obligations they did not anticipate or undertake, and bestow ... a windfall." Burress, 626 N.E.2d at 504-05. The Court of Appeals has also said, "[w]hen there is no ambiguity in a contractual provision, that provision's plain language controls." Id. at 505. Here, both parties agreed to the provisions, and the contract limitation should be enforced. The action did not commence within the agreed upon period and is therefore time-barred.
Conclusion
We reverse the trial court and remand with directions to grant judgment to New Welton.
*36 SULLIVAN and BOEHM, JJ., concur.
DICKSON, J., concurs with separate opinion.
RUCKER, J., dissents with separate opinion.

. The one-year period of limitation found in paragraph 15 of the contract states: "I understand and agree that-if either of us should breach this contract-the other of us shall have only one year, after the occurrence of that breach, in which to commence an action for a breach of this contract." (Appellant's App. at 55.) Similar clauses have also been challenged and upheld in federal courts. See e.g. Resolution Trust Corp. v. Krantz, 757 F.Supp. 915 (N.D.Ill.1991).