RUCKER, Justice,
dissenting.
Because I believe the discovery rule should apply to this contract in spite of the limitation provision, I respectfully dissent.
The majority opinion relies wholly on insurance policy cases to support its holding. The majority cites Summers v. Auto-Owners Ins. Co., 719 N.E.2d 412 (Ind.Ct.App.1999) to uphold the rule that "contractual limitations [in insurance policies] shortening the time to commence suit are valid, at least so long as a reasonable time is afforded." Id. at 414 (quotations omitted). See op. at 35. The majority also relies on Brunner v. Economy Preferred Ins. Co., 597 N.E.2d 1317 (Ind.Ct.App.1992) for the rule that "a provision in an insurance poli-ey that limits the time in which a suit may be brought to a period less than that fixed by the statute of limitations is binding, unless it contravenes a statute or public policy." Id. at 1318. See op. at 85.
This rule apparently goes back as far as 1908, when this Court declared, "the great weight of the authorities [holds] that a provision in an insurance policy limiting the time in which suit may be brought thereon to a period less than that fixed by statute of limitations is binding, unless it contravenes a statute." Caywood v. Supreme Lodge of Knights & Ladies of Honor, 171 Ind. 410, 86 N.E. 482, 483 (1908). In Caywood, our Court relied on the reasoning of the United States Supreme Court in Riddlesbarger v. Hartford Ins. Co., 74 U.S. (7 Wall.) 386, 19 L.Ed. 257 (U.S.1868), which held that limitations provisions in insurance policies must be adhered to because "(ilt is clearly for the interest of insurance companies that the extent of losses sustained by them should be speedily ascertained, and it is equally for the interest of the assured that the loss should be speedily adjusted and paid." Id. at 390.
As the above cases reveal, there are policy reasons why the limitation provisions in insurance policies should be strictly adhered to. limitations protect insurers from policy holders who voice no claim until the year has long since expired, promote early notification while evidence is available, and provide carriers with a basis for forming business judgments concerning claim reserves and premium rates." Summers, 719 N.E.2d at 414. In this case for example the Court of Appeals reasoned,
These insurance cases demonstrate this court's concern with maintaining the bal *37 ance struck by the parties to the insurance contract. Premiums are set by the insurers based upon the kind of risk to be covered and the length of time for that coverage. That balance might be upset by extending the time period within which to bring suit. We also are concerned with preserving the insurer's opportunity to investigate claims.
New Welton Homes v. Eckman, 786 N.E.2d 1172, 1176 (Ind.Ct.App.2003). As the Court of Appeals noted, "The valid concerns presented in insurance industry cases are not present here." Id. at 1177. I agree.
Insurance policy premiums depend directly on the length of time coverage applies and the time in which a claim may be brought. The price agreed to by parties in a construction contract, however, is little affected by a provision limiting the time in which to bring suit. Thus the policy reasons to uphold limitation provisions in insurance policies simply do not make sense in the context of this construction contract, where due diligence could not have uncovered the latent defect in the foundation. As we noted in Barnes v. A.H. Robins Co., Inc., 476 N.E.2d 84, 86 (Ind.1985), "The [discovery] rule is based on the reasoning that it is inconsistent with our system of jurisprudence to require a claimant to bring his cause of action in a limited period in which, even with due diligence, he could not be aware a cause of action exists."
For the aforementioned reasons, I respectfully dissent.